### Patsy B. Peatman v. William R. Peatman

[442 A.2d 1290]

No. 203-81

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed February 2, 1982

*George K. Belcher* of *Abare, Donaghy & Nicholls, P.C.*, Barre, for Plaintiff.

*Ralph W. Howe III* of *Gibson, Noble & Goodrich*, Montpelier, for Defendant.

**Per Curiam.** The decree in the divorce action between the parties provides as follows:

(4) Title to the homeplace in Warren, Vermont shall be awarded to the Defendant; Defendant shall assume all obligations connected therewith. Defendant shall pay to Plaintiff the sum of $13,500 as follows: $4,500 to be paid within four months from the date hereof and $9,000 to be paid within one year from said date. Within thirty (30) days from said date, Plaintiff shall prepare and execute a quitclaim deed conveying her interest to Defendant. Defendant shall prepare and execute a mortgage and note

securing the above payment to Plaintiff and providing for subordination in event Defendant refinances or borrows against said real property to pay said sums to Plaintiff.

The plaintiff, having executed and delivered the required quitclaim deed, called upon the defendant to execute the deed and mortgage or make the payments called for in the order. The provision in question became a part of the decree as a result of a stipulated arrangement between the parties. The lower court issued an order requiring the defendant to sign a note and mortgage deed calling for strict foreclosure without power of sale, and to pay certain attorney's fees of the plaintiff.

The issue brought here by the defendant in opposing the order relates to the failure to include a power of sale. The argument of the defendant is, in essence, that insistence on a strict foreclosure mortgage with no power of sale may result in a departure from the property distribution otherwise provided for by the original agreement by the parties.

This argument ignores the fact that the mortgage provisions are designed as enforcement guarantees to see that the property distribution is carried out and to give security to the plaintiff when she conveyed away her interest. The terms of the decree disclose that the original agreement was not designed to be carried into operation by foreclosure but by payment. The foreclosure option comes about because of the defendant's failure to take advantage of the basic payment terms he agreed to.

Therefore, since the terms of the decree are those contracted for by the defendant, including the mortgage provision, *Braine* v. *Braine*, 127 Vt. 211, 243 A.2d 797 (1968), and since at the time of its issuance there was no basis in our law for construction of the form of mortgage as anything other than strict foreclosure, *Wing* v. *Cooper*, 37 Vt. 169, 183–84 (1864), the defendant can not now be heard to complain that he doesn't like the results. The assessment, in divorce actions, of attorney's fees and expenses of suit is recognized as a proper charge against the opposing party where justice and equity so indicate. *Ely* v. *Ely*, 139 Vt. 238, 427 A.2d 361 (1981). See also V.R.C.P. 80(d). Where, as here, the default-

ing is recognized validly as wilful, the action of the trial court is entirely supportable.

*Judgment affirmed.*