## Francis E. Brown v. Beatrice B. Brown

[580 A.2d 975]

No. 88-367

Present: Allen, C.J., Gibson, Dooley and Morse, JJ.

Opinion Filed August 3, 1990

*Law Offices of Matt Harnett, P.C.,* Rutland, for Plaintiff-Appellant.

*Pamela A. Marsh* and *Cynthia L. Rodgers,* Law Clerk (On the Brief), of *Nuovo & Marsh,* Middlebury, for Defendant-Appellee.

**Dooley, J.** This action began as a petition to enforce a child visitation provision of a divorce order and for contempt. The

petition alleged that defendant Beatrice Brown had refused to allow plaintiff Francis Brown to visit their seven-year-old daughter, Julie Brown [the child]. Following a two-day hearing, the trial court denied the petition, refused to hold defendant in contempt and modified the underlying order to require that visitation by plaintiff be supervised by a third party. Plaintiff appeals, alleging that: (1) the court improperly modified the underlying visitation order without a request from defendant; (2) the court's conclusions are based on inadmissible testimony related to plaintiff's alleged sexual abuse of another daughter of defendant (plaintiff's stepdaughter); and (3) certain of the findings of fact are clearly erroneous and the conclusions are not supported by the findings. We affirm.

Plaintiff and defendant were divorced in 1983 when the child was three years of age. The final order awarded custody of the child to defendant and gave plaintiff "the right to visit said minor child at reasonable times and places upon twenty-four hours notification to defendant." Visitation occurred under the order until the summer of 1986 when defendant refused visitation because of a concern that plaintiff might be sexually abusing the child. The refusal of visitation led to this action and a temporary stipulation which allowed plaintiff supervised visitation in the presence of one of defendant's sons. This proved unsatisfactory to plaintiff because he did not get along with the son.

Defendant's refusal to permit visitation was based on her suspicion that plaintiff was engaging in inappropriate touching, supported in part by the fact that defendant was taking the child to the doctor for a "sore vagina" and she was having nightmares. There was, however, no direct evidence of sexual abuse, and, in fact, the child denied that such abuse had occurred.

The evidence at the hearing centered on plaintiff's alleged sexual abuse of an older daughter of defendant, along with testimony that he tried to teach his daughter from an earlier marriage to masturbate and was aroused by female masturbation. Defendant submitted the expert testimony of a psychologist who interviewed plaintiff, defendant, the child, other family members, and a woman who had lived with plaintiff. The psy-

chologist testified that visitation should be supervised based in large part on plaintiff's inappropriate sexual behavior with his older daughter and his stepdaughter, his belief that it was proper to teach girls to masturbate and his arousal by female masturbation.

Plaintiff denied the main allegations against him. Specifically, he denied that he had sexually abused any of his daughters or his stepdaughter. He admitted that he had suggested masturbation to one of his daughters and to his stepdaughter, but he now believed that suggestion was improper. Plaintiff denied any inappropriate sexual conduct with the child.

In general, the trial court accepted the evidence offered by defendant and found that the child was "at risk to become part of the pattern of sexual abuse." The court concluded that unsupervised visitation would not be in the child's best interest and that modification of the divorce order was necessary based on a change of circumstances—that is, awareness of the past sexual abuse and the risk to the child. The court modified the divorce order to allow visitation only in the presence of a supervisor chosen by defendant with plaintiff's approval.

The first issue we consider is whether the court acted on a proper request to modify and whether the grounds for modification were present. As stated above, this proceeding began with a petition to enforce a visitation order and to hold defendant in contempt for failing to comply with the order. The petition, along with a notice of hearing, was served on defendant on August 13, 1987. On August 20, 1987, defendant responded with a memorandum in opposition to the petition and a request for appointment of counsel for the child and for a psychological evaluation of the child. The memorandum requested that pursuant to 15 V.S.A. § 665 visitation be denied or, if allowed, be supervised by an adult acceptable to defendant. The memorandum and requests were accompanied by an affidavit of defendant alleging that the child had a sore clitoris and nightmares after each visit and that plaintiff had sexually abused his stepdaughter in the past.

Plaintiff appears to be making three interrelated claims here. First, he argues that defendant did not make a proper motion

for modification. Second, he claims that he did not have sufficient notice that modification was in issue to comply with due process requirements. Finally, he claims that defendant failed to allege a proper change of circumstances to comply with the law.

The controlling statute for modification of custody and visitation orders is 15 V.S.A. § 668. It allows for modification of an order concerning the parental rights and responsibilities of a minor child "[o]n motion of either parent . . . and upon a showing of real, substantial and unanticipated change of circumstances" if the court finds that it is in the best interest of the child to do so. We accept, as plaintiff argues, that the statute, as well as V.R.C.P. 80(j), requires that the court act on a motion in modifying a visitation order. We find nothing in the statute or our rules that describes a motion so narrowly that the court could not consider defendant's memorandum, accompanied by a clear affidavit showing what was in issue, to be a motion. Further, we think if there had been any error, it would have been harmless. From the beginning of the proceeding, plaintiff was aware what was in issue. At the initial hearing in August of 1987, he agreed both to a temporary visitation order requiring supervision and to an evaluation by a specified psychologist "in relation to any child abuse allegations."

Our disposition of plaintiff's claim that there was not a proper motion also addresses his due process complaint. Plaintiff was entitled to reasonable notice of what was in issue and an opportunity to be heard on defendant's request. See *In re H.A.*, 153 Vt. 504, 509–10, 572 A.2d 884, 887–88 (1990) (termination of parental rights proceeding). He received proper notice from defendant's memorandum in opposition to his petition and had the opportunity to put on evidence on whether modification was proper.

Finally, while we find no requirement in our law that a modification petition specifically allege a change of circumstances, there was no question that defendant did make such an

allegation.[1] The affidavit accompanying her memorandum and request for a psychological evaluation of the child alleged that visitation was having direct, negative consequences on the child and that plaintiff had abused his stepdaughter. No further allegations were required.

■ Plaintiff's second issue deals with the admission of the testimony of the stepdaughter to the effect that plaintiff had sexually abused her some ten years earlier. Plaintiff argues that the court should have excluded the evidence under V.R.E. 404(b) because it was used to show that he had a character trait to sexually abuse young girls and therefore was not fit to visit his daughter. We note at the outset that plaintiff failed at the evidentiary hearing in this matter to object to the evidence of the stepdaughter, as is required by V.R.E. 103(a)(1). Thus, even if the admission of the evidence was error, it is grounds for reversal only if we find it to be an error "affecting substantial rights."[2] V.R.E. 103(d); see *Deyo v. Kinley*, 152 Vt. 196, 201, 565 A.2d 1286, 1289 (1989). The impact of the admission of this testimony was not such that we would reverse in the absence of an objection; indeed, we believe the court committed no error in admitting it.

As plaintiff argues, we have set some limits on the use of this kind of evidence in criminal cases because of its potential preju-

---

[1] Defendant did have the burden to prove a change of circumstances, and plaintiff suggests in passing that defendant never proved it. The trial court found a "substantial change of material circumstances, that is, the awareness of plaintiff's past sexual abuse of others and the risk posed to" the child. Although plaintiff has generally challenged the court's conclusions as unsupported by the findings and the evidence, he has not argued that this conclusion, if supported, is insufficient to meet the requirements of the statute. Thus, we consider this argument to be a restatement of plaintiff's argument that the conclusions are unsupported and do not consider it separately.

[2] Plaintiff's brief is not clear on whether he is claiming that the evidence should not have been admitted or, alternatively, that the court should not have considered the evidence in reaching its findings of fact. Once the evidence was admitted, however, the court could assign to it whatever weight it found appropriate in reaching its findings of fact and conclusions of law. Plaintiff can not get around his failure to preserve an objection by recasting the issue as one of use of the evidence, rather than admission of the evidence. For this reason, we have treated plaintiff's appeal issue as relating to the admission of the evidence.

dicial effect. The considerations were discussed in *State v. Hurley*, 150 Vt. 165, 168, 552 A.2d 382, 384 (1988), as follows:

> [W]e are confronted with competing interests. On the one hand, however strongly we may caution jurors, charges of sexual misbehavior with minors are of a nature that almost inevitably disposes jurors unfavorably toward the accused and burdens the fairness of the trial. On the other hand, the crime being usually of so secretive a nature, involving possibly frightened, inarticulate and infant witnesses, there is pressure to enlarge the usual parameters of relevant evidence in order to be able to enforce laws against such behavior at all.

The controlling question on admissibility is whether the evidence is relevant to an issue other than the defendant's propensity to commit a crime.

We need not consider whether the evidence in this case would meet the Rule 404(b) standard for criminal cases because the evidence is used for a different purpose here. In criminal cases, the State must prove that the defendant committed a sexual assault or similar crime, and the danger is that the jury would find that a person who committed a sexual assault on one occasion is more likely to do it again. Here, the issue is whether good cause exists to deny or restrict visitation and whether there was a change of circumstances to warrant modification. While we have never directly considered the admissibility of evidence of sexual abuse of siblings on the availability of custody or visitation in divorce proceedings, our consideration of the issue in juvenile CHINS proceedings is instructive.

We recently reviewed the question of whether "abuse as to one sibling is probative of abuse of another" in termination of parental rights proceedings in *In re L.A.*, 154 Vt. 147, 153, 574 A.2d 782, 785 (1990). In *L.A.*, we reiterated that whether such evidence is probative must be determined on the facts of each case. The decision allows such evidence where it is "'indicative of a broad pattern of abuse and neglect generally pervasive in this household and clearly relevant to [the juvenile].'" *Id.* at 154, 574 A.2d at 786 (quoting *In re R.M.*, 150 Vt. 59, 69, 549 A.2d 1050, 1056 (1988)). We also reviewed the evidence admissibility

question in *In re S.G.*, 153 Vt. 466, 571 A.2d 677 (1990). We emphasized the special nature of the juvenile proceeding as related to the evidence: "the issue in juvenile proceedings is not whether the parent did a particular act or acted in conformity with a particular character trait but instead whether the child has proper care and his or her well-being is protected." *Id.* at 472, 571 A.2d at 681. We held that evidence of abuse of siblings was admissible without running afoul of V.R.E. 404(b) as relevant to the totality of the home environment directly impacting on the well-being of the juvenile. *Id.* at 473, 571 A.2d at 681.

█ For reasons similar to those given in *S.G.*, we conclude that evidence of abuse of siblings, including here a stepdaughter, is relevant in child custody and visitation proceedings to show the overall home environment and the interaction of the parents and children within it, now or in the past. As in juvenile proceedings, we must allow a broad inquiry as long as the focus is clearly on the best interests of the child. Also, we note, as we did in *S.G.*, that the trial judge must carefully weigh the probative value of the evidence against its prejudicial effect in deciding whether to admit it.

█ The evidence offered here was relevant to the interaction of plaintiff with his children and stepchildren and, therefore, was relevant to the visitation issue before the court. It was only a part of the testimony about plaintiff's sexual conduct with his daughter, stepdaughter, girl friend and defendant. Moreover, the testimony in question was part of the basis of the opinion of the psychologist that visitation should be supervised. It could be offered for that purpose. See *State v. Valley*, 153 Vt. 380, 397, 571 A.2d 579, 588 (1989); *State v. Recor*, 150 Vt. 40, 48, 549 A.2d 1382, 1388 (1988); see also V.R.E. 703. There was no error in admitting this testimony.

█ Plaintiff's third claim is that certain findings of fact are clearly erroneous, and once these findings are deleted, the conclusions are not supported by the findings. Three of the findings or groups of findings challenged by plaintiff relate to: (1) plaintiff's encouragement of masturbation by his wife, girl friend, daughter and stepdaughter, and his arousal by female mastur-

bation; (2) plaintiff's sexual abuse of his stepdaughter; and (3) plaintiff's statements to the psychologist and the opinion of the psychologist based in part on plaintiff's statements. In each case, the facts are hotly contested, but in each case we find evidence to support the findings. Thus, since the findings are not clearly erroneous, they must be upheld. See, e.g., *Bissonette v. Gambrel*, 152 Vt. 67, 69, 564 A.2d 600, 601 (1989). With respect to the opinion of the psychologist, plaintiff's argument goes solely to the weight to be accorded the opinion.

Plaintiff also challenges the findings that the child was prone to have vaginal infections after visitations with plaintiff, that the infections stopped after visitation supervision began, and that plaintiff is very affectionate to the child, including fondling and caressing. We agree with plaintiff that there is no evidence to support the finding that vaginal infections ceased after supervised visitation started. That finding is not mentioned in the court's conclusions; in fact, the court stated that it found no direct evidence that plaintiff had sexually abused the child and was modifying the visitation order because of the "risk." Since the erroneous finding was not essential to the court's conclusion, the error is not grounds for reversal. See *Peckham v. Peckham*, 149 Vt. 388, 390, 543 A.2d 267, 269 (1988).

The court's conclusions are supported by its findings, and the essential findings are supported by the evidence.

*Affirmed.*