**Fred W. Davis v. Roxanne Hunt**

[704 A.2d 1166]

No. 96-099

Present: **Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.**

Opinion Filed November 21, 1997

*Leslie Black* and *Douglas L. Molde* of *Molde and Black, P.C.,* Johnson, for Plaintiff-Appellee.

*Robert M. Fairbanks* of *Gaston, Durrance & Fairbanks*, Montpelier, for Defendant-Appellant.

**Morse, J.** Defendant Roxanne Hunt (mother) appeals from a family court judgment in a consolidated parentage and relief-from-abuse proceeding. The court awarded plaintiff Fred Davis (father) sole legal and physical rights and responsibilities for the minor child and dismissed the relief-from-abuse petition. Mother contends the court erred by: (1) allowing the minor's guardian ad litem to testify concerning custody of the minor child; (2) excluding the testimony of her thirteen year old daughter regarding allegations of abuse; (3) consolidating the relief from abuse and parentage proceedings; and (4) denying her request for an award of attorney's fees. We reverse.

The parties lived together for approximately six years but never married. A child, Samuel, was born of the relationship in December 1990. In 1994, the parties separated. Both parties acknowledge that they are Samuel's biological parents.

Following the separation, father filed a complaint for establishment of parentage and award of legal and physical rights and responsibilities. Thereafter, mother petitioned the court on behalf of the child for relief from abuse. The court issued a temporary relief-from-abuse order and consolidated the two actions for final hearing. At the conclusion of the hearing, the court awarded sole legal and physical rights and responsibilities to father, provided for extensive visitation by mother, and dismissed the relief-from-abuse petition, finding that the evidence did not support the claim. This appeal followed.

I.

Mother first contends that the court erred in allowing the co-guardian ad litem, Robert Meyer, to testify as a witness and to state his recommendation regarding custody of the child based upon evidence not in the record. Mother asserts that the guardian's testimony was incompetent under the criteria set forth in V.R.F.P. 7.

Rule 7(d) allows a court-assigned guardian ad litem (GAL) to state "a position" but requires that the reasons for the position be "based upon the evidence in the record." A GAL may be called as a

witness only when the testimony "would be directly probative of the child's best interest" and no other person could testify on the same subject. *Id.*; see *Johnson v. Johnson,* 163 Vt. 491, 496-97, 659 A.2d 1149, 1152 (1995); *Gilbert v. Gilbert,* 163 Vt. 549, 554, 664 A.2d 239, 241 (1995).

Here, the trial court called the GAL as a witness, inquired about his investigation, and asked whether he had a recommendation for the court. Mother thereupon objected on the ground that the GAL's investigation was not sufficiently thorough to justify his stating an opinion. The objection was overruled, and the GAL recommended that father be awarded legal rights and responsibilities and that the parties share physical custody.

■ By allowing the GAL to testify based on evidence outside the record, the trial court clearly erred under our decision in *Gilbert.* Because we conclude in the section which follows that the judgment must be reversed on other grounds, however, we need not determine whether the error requires a new hearing. Cf. *Johnson,* 163 Vt. at 497, 659 A.2d at 1152-53 (Court's inability to determine impact of GAL's recommendation required remand for new hearing); *Gilbert,* 163 Vt. at 556-59, 664 A.2d at 242-44 (because GAL's report "significantly influenced the presentation of evidence" remand for new hearing was required).

## II.

Mother next contends the trial court erred in excluding the testimony of her thirteen year old daughter, Lacy.

Although Lacy was not related to father, she had resided with him for several years during the parties' relationship. Mother adduced evidence that father had struck Samuel on the face, causing a red bruise. Father denied that he had struck or abused either of the children. Mother thereupon sought to call Lacy to rebut father's testimony. In her offer of proof, mother's counsel stated that Lacy would testify that she had been abused by father on a number of occasions in the past. Counsel argued that the testimony was relevant both to the relief-from-abuse complaint and the custody proceeding, indeed that it went to "the core of the Court's decision on which parent is better suited to have custody." Counsel noted that there was no other person who could offer the same testimony, since she was the only witness. And counsel further argued that the probative value of the testimony outweighed any detriment to the child, observing that

Lacy was an articulate and poised thirteen year old, that the child was present in court, was comfortable with the procedure, and was eager to testify. Counsel urged the court to speak with the child in chambers to assess her demeanor and, if necessary, to appoint an attorney to protect her interests. The trial court did neither, and ultimately excluded the testimony. Although the basis of the court's decision is unclear from the record, in denying mother's subsequent motion for reconsideration the court implied that allegations of abuse of Lacy were not relevant to the complaint involving Samuel, and in any event were not admissible under V.R.E. 404(b) (evidence of other bad acts not admissible to prove that person acted in conformity therewith).

A threshold issue is whether the trial court's apparent belief that the requirements of 15 V.S.A. § 594(b) applied was error. The statute establishes certain conditions for calling a child as a witness in a family proceeding. It provides that "[t]he court shall appoint an attorney for a minor child before the minor child is called as a witness in a proceeding under this chapter." 15 V.S.A. § 594(b). Furthermore, the child may be called as a witness only if the court finds after hearing that the testimony is necessary to assist the court in determining the issue before it, the probative value of the testimony outweighs the potential detriment to the child, and the evidence is not reasonably available through other means. *Id.*

■■ Read in context, § 594(b)'s reference to "minor child" appears to apply only to witnesses who are also the subject of the custody and visitation proceeding, and thus did not apply to Lacy. This is apparent from the previous section, § 594(a), which provides that the court may appoint an attorney for the "minor or dependent child with respect to child support and the allocation of parental rights and responsibilities." In construing a statute, we look to its entirety and attempt to harmonize its constituent parts. *Lemieux v. Tri-State Lotto Comm'n*, 164 Vt. 110, 113, 666 A.2d 1170, 1173 (1995). There is nothing to indicate that the Legislature intended a broader definition of "minor" in § 594(b) than in § 594(a), which plainly refers only to minors who are the subject of the support and custody proceeding. The purpose of the provision, moreover, is to protect children faced with the dilemma of testifying simultaneously for one parent and against the other. See V.R.F.P. 7, Reporter's Notes (15 V.S.A. § 594(b) "recognizes that the act of testifying for or against one parent, and requests by a parent for such testimony, are often harmful to children"). We thus hold that the statute does not apply broadly to any child witness, but only to those minors who are the subject of the custody dispute.

■ This is not to say that the court lacked the discretion to exclude the testimony if it was irrelevant, cumulative, unduly prejudicial, or inadmissible on other grounds. None of these objections, however, was applicable in the case at hand. We have expressly held that evidence of abuse of siblings in child custody and visitation proceedings does not run afoul of V.R.E. 404(b) because the issue is not whether the parent acted in conformity with a particular character trait, but rather whether the child will have proper care and protection. *Brown v. Brown*, 154 Vt. 625, 632, 580 A.2d 975, 979-80 (1990). Such evidence is highly relevant "to show the overall home environment and the interaction of the parents and children within it, now or in the past. . . . [W]e must allow a broad inquiry as long as the focus is clearly on the best interests of the child." *Id.* Here, as mother's counsel noted, the allegation of abuse went to the "core" of the custody and visitation issue. See 15 V.S.A. § 665(b)(9) (in making a custody determination, "the court shall consider evidence of abuse . . . and the impact of the abuse on the child and on the relationship between the child and the abusing parent."). The thirteen year old witness was competent to testify, the evidence was not cumulative, and there was no other apparent means of eliciting the same evidence. We thus perceive no sound basis for its exclusion in these circumstances.

Accordingly, we conclude that the court's ruling must be reversed, and the matter remanded for a new hearing for the limited purpose of admitting the testimony of Lacy, and rendering a new decision in the light thereof.

## III.

Mother next contends the trial court violated her right to due process by consolidating the relief from abuse and the final parentage actions without adequate notice, and by denying her motion for a continuance of the parentage proceeding.

As noted, this action commenced with father's filing of a complaint for establishment of parentage. Thereafter, mother petitioned the court on behalf of the child for relief from abuse. The court issued a temporary order for relief from abuse and, following an unreported chambers conference, scheduled the matter for final hearing on March 23, 1995. The parties disagree as to whether they also agreed at the time to consolidate the final relief from abuse and parentage

proceedings. At the commencement of the March 23 hearing, mother's counsel opposed going forward with the final hearing on the parentage action, claiming that she was not on notice of the consolidation. She requested a three-month continuance so that a therapist recently appointed for the child would have time to form an opinion and present expert testimony. Father's counsel disputed her counterpart's recollection of events, recalling that the parties had expressly agreed in chambers to merge the two actions. The trial court agreed with father's reconstruction of events and denied mother's request for a continuance of the parentage action.

■ V.R.F.P. 4(n)(2) provides that when an abuse complaint is filed subsequent to a parentage action, "[o]n motion of either party or the court's own motion the court shall consolidate" the two proceedings. Thus, there was no error in consolidating the proceedings. Although mother claims a lack of notice, and the record on this point is unclear, she has made virtually no showing that she was prejudiced by the consolidation, or by the court's denial of her request for a continuance. Accordingly, there was no denial of due process.

## IV.

Finally, mother contends the court erred in denying her motion for attorney's fees totalling almost $5,000.

■ A parentage action is analogous to a custody/support hearing with respect to the award of attorney's fees. *Bissonette v. Gambrel,* 152 Vt. 67, 71, 564 A.2d 600, 602 (1989). In such cases, "the assessment of attorney's fees is proper 'where justice and equity so indicate.'" *Nevitt v. Nevitt,* 155 Vt. 391, 399, 584 A.2d 1134, 1139 (1990) (quoting *Peatman v. Peatman,* 140 Vt. 532, 534, 442 A.2d 1290, 1291 (1982)). "The primary consideration in awarding attorney's fees is the ability of the supporting party to pay and the financial needs of the party receiving the award." *Id.* The trial court enjoys broad discretion in awarding attorney's fees, and its judgment will not be disturbed on appeal absent clear evidence of an abuse of discretion. *Parker, Lamb & Ankuda v. Krupinsky,* 146 Vt. 304, 307, 503 A.2d 531, 533 (1985).

■ In support of her motion, mother adduced evidence of both parties' financial condition and the amount of attorney's fees that each had incurred. In denying the motion, however, the court stated only that "the attorney's fees generated by both sides in this litigation are more than they should be." The court failed to consider or make

findings concerning the parties' ability to pay attorney's fees in the light of their respective financial resources and expenses. As we have previously held, this was an abuse of discretion. *Dunning v, Meaney,* 161 Vt. 287, 291, 640 A.2d 3, 6 (1993); *Cleverly v. Cleverly,* 151 Vt. 351, 358, 561 A.2d 99, 103 (1989). Accordingly, on remand the court will conduct a further hearing on this issue.

*Reversed and remanded for further proceedings consistent with this opinion.*