2004 VT 5

**Brenda TURNER v. David TURNER**

[844 A.2d 764]

No. 03-068

¶ 1. January 16, 2004. Wife appeals from the trial court's final divorce order. She argues that the trial court erred in: (1) determining the value of the parties' second home; (2) unfairly dividing the marital assets; and (3) refusing to award the full amount of attorney's fees that she requested. We affirm in part and reverse and remand the trial court's partial award of attorney's fees.

¶ 2. Husband and wife were married for approximately sixteen years and have one child together. They were separated in July 2001, and wife initiated divorce proceedings. Both parties are in their late forties and in good health. Both are employed. Wife proposed a property distribution that would afford her approximately 39% of the value of the marital property, while husband would receive 61%. After a hearing, the court made extensive findings and distributed the parties' assets. Although the court disagreed with several of wife's proposed valuations of the marital assets, such as the value of the marital home and husband's business, it did not disagree with the general plan of distribution that she proposed. The court awarded wife the marital assets she requested, which resulted in husband receiving a 57% share of the marital assets and wife a 43% share.

¶ 3. The court also awarded wife $1000 of the $8000 in attorney's fees that she incurred. The court explained that under the "American rule" of attorney's fees parties are generally expected to bear their own fees in litigation unless a statutory or rule-created exception exists. The court found that while certain statutory exceptions existed, none applied in this case, and there was no general right to attorney's fees in divorce proceedings under Vermont law. Thus, the court declined to consider the parties' respective incomes and financial circumstances in making its award. The court concluded that, in the absence of any generalized statutory authority to award attorney's fees, it could depart from the American rule only in an "exceptional case," and then only where the party against whom fees were sought acted in an obstructionist or unconscionable manner. See *DJ Painting, Inc. v. Baraw Enters., Inc.*, 172 Vt. 239, 246, 776 A.2d 413, 419 (2001). After reviewing the pleadings in the context of the overall case, the court concluded that wife had been forced to pay for five hours of extra legal work due to husband's unnecessary intransigence. It thus awarded her $1000 and denied her request for additional attorney's fees. Wife filed a post-judgment motion for new findings, conclusions of law, and order, which the court denied in all aspects relevant here. Wife then appealed to this Court.

¶ 4. Wife first argues that the court erred in determining the fair market value of the parties' second home ("little house"). Specifically, she argues that the court erred by subtracting the costs needed to improve the property from the appraised value, rather than accepting the appraisal "as is" and adding those numbers to the appraisal if, in fact, those expenditures were incurred.

¶ 5. We find no clear error in the court's determination of the property's fair market value. See *Kanaan v. Kanaan*, 163 Vt. 402, 405, 659 A.2d 128, 131 (1995) (Court will not disturb trial court's findings of fact unless they are clearly erroneous). The trial court is entitled to wide deference on review because it is in a unique position to assess the credibility of the witnesses and weigh the evidence presented. *Id.* In this case, the appraiser assessed the "as is" value of the property at $115,000. The appraiser noted that the house needed extensive repairs, including repairs to the roof, porch, septic system, bathroom, and interior surfaces, which reduced its value by $7000. The court agreed with appraiser on the cost of the repairs; contrary to appellant's argument, however, the court did not subtract those costs from the property value. Rather, in its final order, the court explicitly rejected the appraiser's estimate with regard to the "as is" value of the property, stating that "upon review of the appraisal and based on the testimony of the parties and [the appraiser], the court agrees with the defendant that the Little house is worth less than [the appraiser] suggests. Accordingly, the court concludes and finds

that the Little house has a present value of 108,000." The court's finding is supported by the evidence, and it is not clearly erroneous.

¶ 6. Wife next argues that the court erred in distributing the marital property. Specifically, she maintains that she did not seek 39% of the marital assets, as the court found, but instead requested an equal distribution. She asserts that the court improperly ignored her request that husband pay her $26,932 to equalize her proposed distribution. She also maintains that the court made a finding of fault, but failed to follow through on its finding in distributing the assets. Thus, she argues that the court's findings are clearly erroneous "because it failed to consider many factors, including fault and appreciation of assets as well as major situations that would have made the distribution of assets more equitable."

¶ 7. The division of marital property is governed by 15 V.S.A. § 751, which grants the court authority to "equitably divide and assign the property," and sets out a number of factors that the court may consider in making its decision. *Cabot v. Cabot*, 166 Vt. 485, 500, 697 A.2d 644, 654 (1997). The trial court has broad discretion to consider the statutory factors and fashion an appropriate order, but it must provide a clear statement as to what was decided and why. *Id.* We have noted that the distribution of property is not an exact science and, therefore, all that is required is that the distribution be equitable. *Lalumiere v. Lalumiere*, 149 Vt. 469, 471, 544 A.2d 1170, 1172 (1988).

¶ 8. In this case, the court generally followed wife's plan in distributing the parties' assets. Wife's distribution plan contained the following statement: "$26,932 to equalize from second mortgage on little house plus $1,593.13 reimbursement." The evidence indicates that there is no mortgage on the little house. However, wife testified at trial that it would take about $27,000 to equalize the property distribution and make up the difference between the profit from the sale of the big house and the value of the little house. She stated that husband could take out a mortgage on the little house to pay whatever property settlement was necessary. While the court did not directly address this request, it considered the statutory factors and made extensive findings to support its award. The court noted that the little house had been in husband's family for many years, and that he brought it into the marriage. The court did not find fault, as plaintiff urged. The court awarded wife all of the marital assets she requested. As a result, wife received approximately 43% of the marital assets while husband received approximately 57%. In support of its award, the court explained that, because both parties were gainfully employed and healthy, and in the absence of fault, and because both are capable of working for many more years, the amount of property awarded to each did not need to be precisely equal to be fair. The court explained that the parties appeared to live a modest middle-class lifestyle and dividing the property in a roughly unequal fashion was not unfair to either. We conclude that the court's award was equitable, and we find no abuse of discretion.

¶ 9. Finally, wife asserts that the trial court erred in refusing to award her the full amount of attorney's fees that she requested. She argues that the court misstated the law governing the award of attorney's fees in divorce cases. We agree. Attorney's fees are recoverable in divorce actions generally as "suit money." See 15 V.S.A. §§ 606, 607; *Downs v. Downs*, 159 Vt. 467, 471, 621 A.2d 229, 231 (1993); *Milligan v. Milligan*, 158 Vt. 436, 444, 613 A.2d 1281, 1286 (1992) (trial court may award attorney's fees in a divorce action in its discretion). The assessment of such fees is proper "'where justice and equity so indicate.'" *Nevitt v. Nevitt*, 155 Vt. 391,

399, 584 A.2d 1134, 1139 (1990) (quoting *Peatman v. Peatman*, 140 Vt. 532, 534, 442 A.2d 1290, 1291 (1982)). The primary consideration in awarding attorney's fees is the ability of the supporting party to pay and the financial needs of the party receiving the award. *Id.* (citing *Ely v. Ely*, 139 Vt. 238, 241, 427 A.2d 361, 363 (1981)). As we explained in *Ely*, 139 Vt. at 242, 427 A.2d at 364:

> the peculiar nature of divorce and similar actions, involving almost always the financial circumstances and abilities of the parties as matters in controversy, and being matters of common occurrence in the trial courts, obviates the necessity for a separate hearing, or the taking of particular evidence, on the question of awarding of attorney fees or suit money. In the usual, and vast majority of, cases such allowance borders on judicial routine, and is supported by evidence bearing on the circumstances of the parties generally.

¶ 10. Here, the trial court concluded that there was no general right to attorney's fees in divorce cases, and it therefore declined to evaluate the parties' financial needs and ability to pay. This holding was erroneous. While the trial court has discretion in awarding attorney's fees, its misapprehension of the proper standard for evaluating such a request requires that its partial award of attorney's fees be reversed and remanded for reconsideration. See *Begins v. Begins*, 168 Vt. 298, 305-06, 721 A.2d 469, 474 (1998) (court's failure to address parties' respective financial needs and ability to pay warranted reversal of attorney's fee award and reconsideration of issue on remand).

*Affirmed in part, and award of attorney's fees reversed and remanded.*

¶ 11. **Johnson, J.,** dissenting. I do not agree that the property distribution was equitable in this case. Although the trial court thought it was giving wife exactly what property she requested, it overlooked that her request for property with a lesser value included a cash payment to make up the difference in the value of property awarded to husband. As a result, the award was unequal in a case in which the findings indicate that, absent the efforts of wife and despite the negative actions of husband, there would have been no marital estate to distribute. Wife brought the error to the trial court's attention through a scatter-shot post-trial motion. That may be why the trial court ruling on the motion addressed some issues specifically, and indicated that all other issues were denied. Because the ruling on the post-trial motion did not directly address the equalization issue, all we know is that it was denied. Trial courts enjoy broad discretion to distribute marital property, see *Cabot v. Cabot*, 166 Vt. 485, 500, 697 A.2d 644, 654 (1997); however, the denial of plaintiff's post-trial motion, in light of the error and the equities as weighed by the court itself, is inexplicable. It is either a mistake or an abuse of discretion. Therefore, I respectfully dissent from the majority's opinion that the trial court carefully weighed the 15 V.S.A. § 751 factors and made an equitable distribution. I would reverse and remand both because wife should have been awarded her attorney's fees, as the majority holds, and for reconsideration of the property distribution.

¶ 12. Given the trial court's findings, it is hard to affirm an unequal division of property in this case, especially because the record does not indicate that the trial court carefully exercised its discretion when it denied wife's post-trial motion. It is a more likely conclusion that, in the numerous issues that were presented for reconsideration, wife's claim that the court had misunderstood her request was

overlooked. The court may also have thought that its refusal to change the value of one of the assets, the little house, resolved the equalization issue. In fact, the court's resolution of the valuation issue did not affect the disparity wife sought to equalize. Accepting the court's valuation, wife still requested a cash equalization of $16,000. The original opinion acknowledges the inequality in distribution and justifies it by stating that the division does not have to be equal and that the court agrees in principle with wife's proposal. It is one thing to approve an unequal distribution that wife requested; it is another to approve it on the same ground when wife points out that the court misunderstood her claim and she has the trial exhibit to prove it. The majority opinion glosses over this by pointing to the original decision, which begs the question.

¶ 13. Moreover, it was not necessary for the trial court to have found fault in the break up of the marriage to conclude that the equities substantially favored wife and should have been recognized in the property distribution. See 15 V.S.A. § 751(b)(12) (court may consider the "respective merits of the parties"). As the trial court found, wife acted to preserve what few assets the parties owned. Indeed, almost the entire decision centers on husband's destructive conduct with respect to the assets — his intransigence in selling the marital home, his failure to pay the taxes, and failure to maintain the house, leaving it in a "filthy, uncleaned condition, ... [with] junk cars and trailers and other debris on the site." Husband's actions required that wife advance funds at the closing for repairs and cleanup. The funds came from another asset that husband had virtually abandoned, an insurance policy on which he failed to pay the premiums. Husband failed to make support payments, ran up credit card debt, failed to give wife money for groceries and child care, and in the trial court's opinion, lied about his

income. Husband also precipitated the disintegration of the marriage by physically abusing wife — a fact that the trial court includes in its findings, but does not discuss when reviewing the statutory factors that guide the property distribution decision. After making these findings, it is not surprising that the trial court agreed with wife's request. As I stated previously, the trial court's original opinion and its ruling on wife's posttrial motion never addressed the equalization aspect of wife's plan. As a result, wife received only 43% of the marital estate, according to the trial court's belief that this was her complete proposal.

¶ 14. Under these circumstances, it is hard to affirm the decision. It is true that property distribution does not have to be exactly equal, but we should not affirm an unequal distribution that is not supported by the evidence and is unaccompanied by an explanation. Cf. *Hayden v. Hayden*, 2003 VT 97, ¶ 9, 176 Vt. 52, 838 A.2d 59 (remanding property distribution based on faulty valuation when trial court opinion "contain[ed] no discussion that could assist this Court in meaningful review"). Accepting the trial court's valuation of the total marital estate, with which I agree, wife should have received an additional $16,000 from husband to equalize the distribution. This was not a wealthy marriage, but that is all the more reason that wife, who works as a bookkeeper, should receive her due. Wife has custody of the parties' only child, and at the time of the hearing, wife was forty-nine years old and she and her son were living with wife's mother. The additional $16,000 in equalization that her plan called for might have allowed her a down payment on a home, or a contribution to a retirement fund. See 15 V.S.A. § 751(b)(6) (court may consider the "needs of each party").