*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

### `ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-072

SEPTEMBER TERM, 2013

| | | |
|---|---|---|
| Whitney Calkins | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Kenneth P. Smith | } | DOCKET NO. 700-8-10 Cndm |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

Husband appeals the trial court's order granting wife's motion for attorney's fees incurred in connection with husband's appeal from the parties' final divorce order. On appeal, husband argues that the award was in error because wife is capable of paying the fees and because the proper procedure was not followed for an attorney fee award based on frivolity. We affirm.

The family court issued a final divorce order on January 4, 2012. The order resolved contested issues regarding parental rights and property division. Husband appealed the order, claiming the trial court abused its discretion. This Court affirmed. Calkins v. Smith, No. 12-054 (Aug. 29, 2012) (3-Justice mem.), https://www.vermontjudiciary.org/LC/unpublishedeo.aspx. In September 2012, wife filed a motion to recover attorney's fees expended on responding to husband's appeal and in bringing her motion for attorney's fees. Wife's motion alleged that she was entitled to attorney's fees because husband's appeal was frivolous and because the equities favored her.

The court held a hearing on the matter. In January 2013, the court issued a written decision granting wife's request. The court found that although wife had the resources to pay her attorney's fees, husband had a greater ability to pay the fees. The court found that husband should pay wife's attorney's fees because husband's appeal was frivolous and, even if not, the equities favored wife and therefore wife was entitled to fees as suit money. Finding that the requested fee was reasonable, the court ordered husband to pay $12,000 for wife's attorney's fees. Husband appeals.

On appeal, husband challenges both of the court's bases for awarding fees.

Attorney's fees may be awarded in a divorce matter at the discretion of the trial court as " 'suit money' based on the financial circumstances of the parties." Lalumiere v. Lalumiere, 149 Vt. 469, 473 (1988); see 15 V.S.A. §§ 606, 607 (providing that parties and attorney may recover

"suit money").[*]  "The primary consideration in awarding attorney's fees is the ability of the supporting party to pay and the financial needs of the party receiving the award."  Hanson-Metayer, 2013 VT 29 ¶ 64.  Attorney's fees associated with an appeal are available by motion in the trial court.  V.R.A.P. 39(f); see Hanson-Metayer, 2013 VT 29, ¶ 59.

Husband argues that wife neither claimed nor demonstrated that she was unable to pay her fees and therefore the court abused its discretion in awarding attorney's fees.  The award of attorney's fees in a divorce action is an equitable determination.  See Turner v. Turner, 2004 VT 5, ¶ 9, 176 Vt. 588 (mem.) (explaining that fees are properly awarded "where justice and equity so indicate" (quotation omitted)).  The parties' financial circumstances and ability to pay are the primary considerations, but this does not mean that the receiving party need be wholly unable to pay for fees.  Drumheller v. Drumheller, 2009 VT 23, ¶ 59, 185 Vt. 417 (explaining that family court has discretion to award fees to party who has means to pay fee).  It is the relative equities of the parties that the court must consider.  Id.; Willey v. Willey, 2006 VT 106, ¶ 26, 180 Vt. 421.

Here, the unchallenged evidence supports the court's findings that husband has a higher income than wife and that the resources available to him will increase significantly in the future.  Given husband's relatively superior financial position, the court did not abuse its discretion in concluding that, wholly apart from its assessment that the appeal from the underlying divorce order had been frivolous, the equities favored an award of appellate attorney's fees to wife.

Husband next argues that the legal standard for obtaining attorney's fees based on frivolity is not satisfied and that wife followed the incorrect procedures to obtain fees on that basis. Because we conclude that the court did not abuse its discretion in awarding fees as suit money, we do not reach these arguments.

Affirmed.

---

[*]  Husband asserts that §§ 606 and 607 allowing the award of "suit money" does not apply when a party requests attorney's fees solely for services provided on appeal. **AAB 26-27.** Husband claims that because wife did not seek attorney's fees for the underlying divorce, she was not entitled to suit money for the appeal.  This assertion is without merit.  There is nothing in the statute that limits fees to those incurred at trial versus appeal.  Furthermore, we recently considered a challenge to an award of attorney's fees for services solely rendered on appeal, and cited §§ 606 and 607 in our review of the applicable law, explaining that fees could be awarded as suit money in that instance.  Hanson-Metayer v. Hanson-Metayer, 2013 VT 29, ¶¶ 58, 64.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice