*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-056

OCTOBER TERM, 2014

| | | |
|---|---|---|
| Mark A. White | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Franklin Unit, |
| v. | } | Family Division |
| | } | |
| Denise C. White | } | DOCKET NO. 335-10-11 Frdm |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

Husband appeals the maintenance and property division decisions incorporated in the court's final divorce order. On appeal, husband argues that the court failed to make sufficient findings. We affirm.

The basic facts are undisputed. The parties were married in 1984 and separated in 2011. Wife began working for the City of St. Albans in 1996. At the time of the final hearing, wife was working part time. Wife had previously worked full time, but when she was reduced to part time, she claimed she was unable to get another similarly paid position. She worked a second part-time job for a few months, but quit because she could not handle the position. Husband began working for a company doing building maintenance in 1993 and has been there ever since.

The court held a hearing in August 2012. The main marital assets included the marital residence and some retirement accounts. The parties agreed that husband would receive the marital home. At the outset, the parties agreed that their main source of disagreement was spousal maintenance for wife. Wife requested maintenance of $800 a month for fourteen years, and husband opposed paying any maintenance. The parties agreed to present evidence solely on that issue with the hope that the court's decision on maintenance would help the parties to agree on distribution of property. At the close of the initial hearing, the court made findings on the record and granted wife maintenance.[1] The court found that spousal maintenance was appropriate given the length of the marriage, the parties' relative incomes and wife's need for support. The court found that husband earned between $4500 and $5000 a month at his full-time employment and wife earned $2000 a month working part time. The court further found that it was not likely wife could find or maintain employment at her previous income level and granted wife's request for maintenance of $800 a month for fourteen years.

Following the decision, the parties negotiated the property settlement but were unable to resolve the issue, and the hearing resumed in October 2012. At the beginning of the October hearing, husband's attorney explained that the parties had stipulated to the value of the house and

---

[1] The court's findings, made on the record, were not recorded due to human error. During the appellate process, the parties agreed on a statement of the findings. V.R.A.P. 10(d) (describing process for creating statement of evidence when transcript is unavailable). The findings recounted herein are derived from that agreed statement.

retirement accounts, but disagreed on the value of the personal property. At the hearing and before the close of the evidence, the parties announced that they had reached an agreement on the issues, and wife's attorney offered to prepare an order. Wife filed a proposed order on December 4, 2012, with a letter from wife's attorney stating that the parties were unable to agree on a written order and setting forth the areas of dispute between the parties. The letter stated that the parties were not in agreement on: the date maintenance should commence; the date husband should assume payment obligations for payments related to the marital home; the date by which husband should make the property settlement payment; and the ownership of certain personal property items. On December 19, 2012, husband's attorney filed a response to the proposed order, setting forth his position on the disputed items. The court issued a final order the same day, which essentially adopted wife's order with one change requested by husband. Husband subsequently filed a motion to reconsider, which the court denied.

On appeal, husband first argues that the court's maintenance award is not supported by sufficient findings. Spousal maintenance may be awarded if the court finds that one spouse lacks sufficient funds to provide for her reasonable needs and is unable to support herself at the standard of living established during the marriage. 15 V.S.A. § 752(a); Gravel v. Gravel, 2009 VT 77, ¶ 23, 186 Vt. 250. The statute contains seven criteria to guide the court in determining the amount and duration of an award. 15 V.S.A. § 752(b). The court has broad discretion in awarding maintenance, and an award will be reversed "only if there is no reasonable basis to support it." Gravel, 2009 VT 77, ¶ 23.

Husband argues that the award of spousal maintenance to wife was erroneous because the court did not consider all of the relevant statutory factors. Husband contends the court failed to consider "the property apportioned to the party," 15 V.S.A. § 752(b)(1), because the court awarded maintenance prior to any property division decision. Husband's argument ignores the fact that he specifically agreed that the court should decide the issue of maintenance prior to considering property division. Given husband's express agreement to this procedure, he has waived any ability to challenge that on appeal.

Husband also asserts that the court made no findings on his ability to meet his own needs or wife's ability to support herself without the maintenance. The court has broad discretion in considering the factors, and we will reverse only where there is "no reasonable basis" to support the court's decision. Chaker v. Chaker, 155 Vt. 20, 25 (1990). The parties' abilities to meet their needs were addressed by the court. The court found that husband was employed full time with a monthly income of $4500 to $5000 while wife had only part-time employment and made $2000 a month. The court further found that wife could not easily obtain employment at a greater income level and had need for support. These findings are sufficient to support the court's decision.

Husband also argues that the court did not make sufficient findings to support its property-division decision, despite his request for findings. Pursuant to statute, the family court is required to "equitably divide and assign the property." 15 V.S.A. § 751(a). "The trial court has broad discretion to consider the statutory factors and fashion an appropriate order, but it must provide a clear statement as to what was decided and why." Turner v. Turner, 2004 VT 5, ¶ 7, 176 Vt. 588 (mem.).

Husband presents his challenge to the court's property division without acknowledging that much of the court's order was a product of the parties' stipulation. While the parties did not have a written agreement, they certainly agreed at the hearing to the fundamental terms of their settlement. They also both submitted proposed orders to the court that contained identical terms on almost all substantive matters.

Both parties' proposed orders contained the following identical elements: an award of the marital home to husband and a requirement for husband to make a payment of $153,222 to wife; an award to both parties of their respective pension plans and retirement accounts; an identical enumerated list of personal property items awarded to each party; and an award of maintenance to wife of $800 for fourteen years. The items of disagreement were the date by which the settlement amount should be paid, the date spousal maintenance should commence and a list of personal property to be returned by wife to husband. The court signed wife's version of the order, but altered it in one regard requested by husband—to give him 180, instead of 120, days to make the settlement payment before interest would accrue.

On appeal, husband is not challenging any of the disputed items, but claims the court failed to make sufficient findings on the money wife spent during the separation period. During the second hearing day, husband argued that the money wife spent in a joint account while the divorce was pending should be considered in the property division. Husband states on appeal that he requested findings on whether this money should be considered in the property division, and the court failed to make findings. This argument fails for two reasons. First, the court did make findings concerning the funds. The court stated that the money was used to pay for regular expenses, such as the mortgage, car payments, groceries, taxes and insurance, and therefore should not be credited against wife in the property division.

Second, this occurred prior to husband's agreement on the property division. We have held that the question of whether a husband and wife will be bound by an oral settlement agreement depends on the intent of the parties, which is a question of fact. Willey v. Willey, 2006 VT 106, ¶ 11, 180 Vt. 421. In determining this intent, there are four relevant factors: a party's express reservation not to be bound until the agreement is in writing; a party's partial performance; the extent to which all substantive terms are agreed upon; and the nature of the agreement. Id. ¶ 12. The facts here demonstrate an intent to be bound. Neither party made a reservation at the hearing. There was partial performance in that after the hearing in October 2012, the parties both submitted proposed orders.[2] Further, as outlined above, the substantive terms were agreed upon. In light of this agreement, the court did not err in excluding the money from the property settlement.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice

---

[2] Wife contends that there was partial performance because she executed a quit claim deed, she moved out of the marital residence, and husband moved in. This evidence is not part of the record on appeal, however, and therefore we do not consider it in our analysis.