*Dernier v. Whitetail and Wilde Property*, No. 7-1-18 Wrcv (Gerety, J., Sept. 24, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Windsor Unit** | **Docket No. 7-1-18 Wrcv** |

**PETER DERNIER, NICOLE DERNIER,**
        **Appellants-Defendants**

        **v.**

**WHITETAIL AND WILDE PROPERTY,**
        **Appellee-Plaintiff**

### DECISION:
### Small Claims Appeal

Appellants Peter and Nicole Dernier ("the Derniers") appeal from a decision of the Small Claims Court finding in favor of Appellee Whitetail and Wilde Property Services LLC,[1] and assigning Plaintiff $5,000 in damages, as well as $90 in costs.

Procedural History

This case arises from a Small Claims Complaint filed by Plaintiff in Docket No. 158-7-17 Wrsc, seeking $5,000 in damages and $90 in costs. Plaintiff alleged that it was the "successor in interest to Griswald Property Services d/b/a Dale Griswald, an excavation and property management company," that it had provided excavation and snow removal services, and that the Derniers had refused to pay the amounts owed to Plaintiff.

In response, the Derniers disagreed with the amount owed, arguing that there was no evidence that Plaintiff owed the debt and that Plaintiff had no standing to bring the action. The Derniers asserted that they had never entered into a contract with Plaintiff, that they had sent written requests to Plaintiff seeking documentary evidence of a contract pertaining to "Griswald Property Service d/b/a Dale Griswald," the purchase or transfer of ownership from "Griswald Property Service" to Plaintiff, or the existence of "Griswald property Service" or "Dale Griswald."

The Small Claims Court held a hearing on the matter on December 7, 2017, at which the Derniers appeared pro se and Plaintiff was represented by Rundle & Rundle, PLLC. Jennifer Griswold and Joshua testified on behalf of Plaintiff. The Derniers testified on their own behalf. In addition, the Small Claims Court accepted into evidence in Plaintiff's case: a copy of the Certificate of Organization for Whitetail and Wilde Property Services LLC; copies of Whitetail

---

[1] The Court notes that when Appellee-Plaintiff first filed the underlying complaint, it did so under its registered name, Whitetail and Wilde Property Services LLC. Subsequently, it has been captioned as "Whitetail & Wilde Property," both in the case before the Small Claims Court and now on appeal. While the Court recognizes that Plaintiff's proper name is Whitetail and Wilde Property Services, LLC, it retains the shortened name in the caption for the purposes of consistency only.

*Dernier v. Whitetail and Wilde Property*, No. 7-1-18 Wrcv (Gerety, J., Sept. 24, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

and Wilde Property Services, LLC statements to the Derniers dated December 2013 through April 2014, as well as a copy of a September 2014 billing statement and January 2017 statement, reflecting the balance past due; documentation of assignment of Dale Griswold's ownership interest in Whitetail and Wilde Property Services, LLC to Jennifer A. Griswold and Joshua Allison; and a copy of an August 2013 invoice reflecting payment to Peter Dernier for embroidery of the "Whitetail and Wilde" logos on shirts and hats.

The Small Claims Court further accepted into evidence in Defendants' case: copies of screenshots of the Vermont Secretary of State website reflecting no matches for "Griswald," "Griswald Property Services," or "Griswold property Services"; and copies of five separate invoices billed to the "trade account" of Dale Griswold, with balances ranging from $1,500 to $2,500.

At the end of the hearing, the Small Claims Court made the following findings: (1) Plaintiff Whitetail and Wilde Property was incorporated as a business on December 27, 2013; (2) prior to that date, Dale Griswold had provided services to a number of customers in his own name as a "d/b/a"; (3) on or about December 27, 2013, those services being provided by Dale Griswold were thereafter provided by the now formed Whitetail and Wilde Property LLC; and (4) Plaintiff's Exhibit 2, comprised of a collection of statements adding up to far more than $7,800 owed by Defendants to Plaintiff was for services and materials provided by Plaintiff to the Derniers. In addition, the Small Claims Court relied on the testimony of Plaintiff's witnesses—that the amounts charged by Plaintiff were for services and material that were performed and provided and that the amounts were fair, reasonable, and consistent with charges in this area—to find in favor of Plaintiff for the $5,000 requested by Plaintiff, as well as costs for filing fees.

The Derniers appeal from the decision of the Small Claims Court. In their "Memorandum of Law in Support of Appeal of Final Judgment," they highlight the misspelling of the name Dale Griswold, as "Dale Griswald," in the Complaint, contending that such misspelling indicates either fraud or lack of competence on the part of Plaintiff's attorney, and, in any event, there is no evidence to support the allegation that Plaintiff is a successor in interest to Dale Griswold.[2] The Derniers further contend that Plaintiff is liable for expenses incurred by Dale Griswold as purported co-owner of Whitetail and Wilde Property LLC, and that Acting Judge Brady erred in neglecting to allow evidence and testimony they believed to be relevant to their "counterclaim" that the Derniers assert would "impeach" the evidence and testimony in Plaintiff's claim.

---

[2] In their Statement of Basis of Appeal, the Derniers assert that Acting Judge Brady unfairly prejudiced them by not declaring a default against Plaintiff when its witness failed to appear in a timely manner. In particular, the Derniers claim that Acting Judge Brady failed to extend the time permitted to adequately examine the evidence submitted and allow for cross examination, or to accept evidence, hear testimony, and rule on the Derniers' countersuit accompanying their Answer. While, the Derniers do not now raise the issue of the length of the hearing, the Court notes that the Small Claims Court hearing notice provides a start time of 2:00 p.m. and allotted hearing length of 1 hour and 30 minutes. A recording of the hearing reflects that the hearing began at 2:23 p.m. after all the parties and witnesses had arrived, and ended at 4:10 p.m., seventeen minutes beyond the allotted 1 hour and 30 minutes.

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

Standard of Review

In appeals from the Small Claims Court, the Superior Court's review is based on the record below and is limited to questions of law. 12 V.S.A. § 5538 (Cum. Supp. 2012); V.R.S.C.P. 10(c), (d) (Cum. Supp. 2012). If the Small Claims Court applied the correct law, the Superior Court must affirm the Small Claims Court's "conclusions if they are reasonably supported by the findings." *Maciejko v. Lunenberg Fire Dist. No. 2*, 171 Vt. 542, 543 (2000) (citation omitted). In turn, the findings must be supported by the evidence. *Brandon v. Richmond*, 144 Vt. 496, 498 (1984), and such findings "must be construed, where possible, to support the judgment." *Kopelman v. Schwag*, 145 Vt. 212, 214 (1984). The court's review of the Small Claims Court's legal conclusions, however, is "non-deferential and plenary." *Maciejko*, 171 Vt. at 543 (quoting *N.A.S. Holdings, Inc. v. Pafundi*, 169 Vt. 437, 439 (1999)).

Discussion

Here, the Small Claims Court's conclusion that Plaintiff was incorporated as a business on December 19, 2013, is supported by the record. Plaintiff's Exhibit 1, admitted by agreement of the parties, shows an effective date of the limited liability company of December 19, 2013.

Similarly, the record supports the Small Claims Court's finding that after December 27, 2013, the services and material provided by Dale Griswold in his own name or doing business as Dale Griswold Property Services, were provided to customers by Whitetail and Wilde Property LLC ("Whitetail"). In this regard, the Small Claims Court accepted into evidence a copy of Dale Griswold's Assignment of Membership Interests in Whitetail and Wilde Property Services, LLC to Jennifer A. Griswold and Joshua Allison (Plaintiff's Exhibit 3), as well as statements setting forth amounts totaling beyond $7,800 billed for various services and materials (Plaintiff's Exhibit 2). In addition, the Small Claims Court took testimony from Joshua Allison, who testified that he had been a part of Whitetail during the billing time period in question, that either he or Dale Griswold had performed the work, including snow removal and excavation services, and that he considered the charges fair and reasonable.

According to the record, the Small Claims Court also heard testimony from Jennifer Griswold, explaining how the billing statements were generated. Further, the record includes testimony from Defendant Peter Dernier stating that he received the statements from Whitetail, but "just filed them away," believing that he had "thousands of dollars" in credits and did not ever challenge the statements, acknowledging on cross examination regarding the statements that excavation and tree cutting were done on his property, and denying that there was anything in writing indicating his dissatisfaction with the work performed or that he was seeking offset.[3] As

---

[3] Although Defendants objected to the billing statements coming into evidence, the Small Claims Court properly explained that the Rules of Evidence were more "relaxed" in this context. See *Cold Springs Farm Development, Inc. v. Ball*, 163 Vt. 466, 469 (1995) (emphasizing that in a Small Claims Court action, "[e]xcept for those with respect to privilege, the Vermont Rules of Evidence do not apply").

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

such, these findings adequately supported the Small Claims Court's decision finding in favor of Plaintiff in the amount of $5,000, plus costs for filing fees, irrespective of the misspelling of Dale Griswold in the Complaint.

Additionally, the record reflects that the Small Claims Court afforded the Derniers the opportunity to present evidence on their counterclaim. Notably, the entirety of the counterclaim reads as follows:

> Plaintiff, by and thru Plaintiff's counsel, Rundle & Rundle PLLC has made repeated demands for progressively diminishing amounts of a purported debt. As outlined in my SMALL CLAIMS ANSWER, despite my pleas, Plaintiff has not produced evidence of a debt owed by me to a non-existent company d/b/a a non-existent person by which Plaintiff may be a "successor in interest" to.
>
> I have had to expend precious personal resources to research and defend against Plaintiff's claims and since both Plaintiff and Plaintiff's counsel exhibit no aversion to committing fraud to gain $5000, they should not be jointly or individually risk adverse to stand to lose this amount as deterrence for future unlawful actions. Accordingly, I ask $5000 in damages for my pain, suffering and loss of my precious time resource.

Small Claims Answer of Peter Dernier at 2.[4] The crux of the counterclaim appears to be that Plaintiff had not proven that Defendants owed a debt to Plaintiff. However, the Small Claims Court clearly allowed Defendants to present evidence to support their claim, giving them the opportunity to testify and to introduce exhibits. Indeed, evidence that the names Dale Griswold and Griswold Property Services could not be found in the Secretary of State database was accepted into evidence. Nevertheless, the fact that Dale Griswold had never formally registered his company as an LLC with the State did not undermine Plaintiff's evidence that Whitetail had performed various services to the Derniers during the time period stated in the billing statements. And, although Defendants indicated they did not know that Whitetail had been performing services in place of Dale Griswold and/or that it had come into existence in 2013, an August 2013 invoice admitted into evidence reflects that a company paid Defendants for the embroidery of the Whitetail logo on customer supplied hats and shirts. (Plaintiff's Exhibit 4).

To the extent Defendants claim that the Small Claims Court erred by failing to find Plaintiff's Exhibit 4 fraudulent, the judge was "uniquely" positioned to "assess the credibility of the witnesses and weigh the evidence presented." *Turner v. Turner*, 2004 VT 5, ¶ 5, 176 Vt. 588, 589 (citing *Kanaan v. Kanaan*, 163 Vt. 402, 405(1995). In any event, the Small Claims Court properly considered the testimony and evidence of both parties and is "entitled to wide deference on review." *Id*. The record reflects that the judge appropriately addressed Defendants' concerns

---

[4] Nicole Dernier's counterclaim matches that of Peter Dernier, verbatim. See Small Claims Answer of Nicole Dernier at 2.

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

regarding the evidence when raised. Although Defendants assert that they had a distinct counterclaim for fraud, the Court sees no error in the manner that the Small Claims Court took evidence and any failing related to further acknowledgment of the purported claim is due to Defendants' failure to properly raise it below. See *Puppolo v. Donovan & O'Connor, LLC*, 2011 VT 119, ¶ 13, 191 Vt. 535, 537-37, 35 A.3d 166, 171 ("[I]n order 'to properly preserve an issue for appeal a party must present the issue with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it.'").

While the Derniers were also permitted to submit into evidence multiple invoices reflecting wood, hay and services provided or performed against the "trade account" of Dale Griswold, it was within the purview of the Small Claims Court to give those items less weight where Dale Griswold was not present to testify, the invoices did not reference Whitetail, and Plaintiff's witnesses denied receiving the benefit of any of the items or services provided. *Turner*, 2004 VT 5, ¶ 5.

For the foregoing reasons, the December 7, 2017 decision of the Small Claims Court is AFFIRMED.

Dated at Woodstock, Vermont, this ___ day of September, 2018.

_____
Hon. Robert P. Gerety
Superior Court Judge