### Forrest Hammond v. Iona Hammond

[360 A.2d 71]

No. 111-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed June 1, 1976

*Leighton C. Detora* of *Richard E. Davis Associates, Inc.,* Barre, for Plaintiff.

*Cornelius O. Granai,* Barre, for Defendant.

**Billings, J.** The parties were awarded reciprocating divorces by the Washington Superior Court. As part of the decree, and

in full satisfaction of any support claims, plaintiff-appellant was ordered to pay to defendant-appellee an alimony in gross award of $1,500, payable thirty days from the date of the order. From this part of the divorce decree plaintiff appeals, claiming that the trial court abused its discretion in authorizing an award to this extent.

The trial court found that the parties were married on February 18, 1972, and separated around Christmas of 1972, and that during the marriage both parties had approximately the same amount of income, with defendant contributing more financially to the marriage than plaintiff. The court found that at the time of the divorce plaintiff's net assets amounted to $66.

Upon dissolution of marriage, the court may decree to either party such part of the real and personal estate of one spouse as it deems just, having regard to the circumstances of the parties. 15 V.S.A. § 754. A decree for alimony is a matter of wide discretion and, unless such discretion has been withheld or abused, the decree must stand. *LaFarr* v. *LaFarr*, 132 Vt. 191, 315 A.2d 235 (1974); *Lafko* v. *Lafko*, 127 Vt. 609, 256 A.2d 166 (1969).

In the case at bar defendant was awarded alimony in gross, payable within thirty days, and hence the trial court did not take into consideration periodic payments from future income. The trial court in such cases is limited by the definition of the term "estate" in 15 V.S.A. § 754 to the total net value of the parties' estate at the time of the decree. Here the trial court awarded defendant gross alimony approximately twenty-two times greater than the then net value of plaintiff's total estate. In order to justify such an award, plaintiff, at the time of the decree, would have to have a net estate in excess of $1,500. Since there are no other facts shown which justify the award, the court clearly abused its discretion, and that portion of the decree cannot stand in its present form. *Pacquin* v. *Pacquin*, 125 Vt. 243, 214 A.2d 90 (1965). We must remand this cause for further consideration consistent with the views herein expressed.

*That portion of the decree below relating to alimony is hereby vacated, and the cause remanded for further hearing with respect thereto.*