## Gordon George Ely v. Betty Jean Ely

[427 A.2d 361]

No. 124-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw,
C.J. (Ret.), Specially Assigned

Opinion Filed February 3, 1981

*Cheney & Brock*, Montpelier, for Plaintiff.

*Swainbank, Morrissette, Neylon & Hickey*, St. Johnsbury,
for Defendant.

Larrow, J. Gordon George Ely, plaintiff below, was granted
a judgment of divorce, uncontested on the merits, from his
wife, from whom he had been long separated. He appeals that
portion of the judgment awarding alimony against him in the
amount of $75.00 per week. The gravamen of his appeal is
that the Supplemental Security Income (SSI) payments for
which the wife is eligible, some $247.00 per month, food
stamps for which she may be eligible, Medicaid and voluntary
payments made by her mother, should be treated as "re-
sources" available to reduce or eliminate his alimony liability.
He also contests the award of $500.00 attorney fees to the
wife.

Plaintiff's first claim of error is general in scope, a claim of
inadequate findings. He says that the trial court "avoided" the

issue of substituting his money for public money, and that he is "entitled" to a finding as to whether or not the court preferred that he pay rather than the federal government. He points generally to his proposed findings (some 58 in number, although unnumbered) and his motion for additional findings. The briefing on the point is insufficient without specific references. But in any event, the matters on which he claims a deficiency of findings are immaterial to decision, because, as we hereinafter hold, his general theory is untenable. The findings as made are quite extensive and specific. They cover at length the plaintiff's income and resources, his living arrangements with another woman and attendant expense, and the $50.00 per month SSI received by the defendant after mandated reduction for gifts and alimony. See 42 U.S.C. §§ 1382(b)(1); 1382a(a)(2)(E). Financial contributions from the mother are also noted, although not their duration or amount. Plaintiff's ability to pay does not seem to be in question here. Nor do the extensive needs of the defendant, a partially paralyzed epileptic who is totally disabled and unemployable after raising three children through their minorities. Apart from the evident, though not expressly stated, refusal of the trial court to substitute available public support and the mother's voluntary gifts for plaintiff's alimony liability, the discretion of the trial court does not seem to be questioned. Nor could it be in light of plaintiff's $18,000 per year income, clearly a major factor in the trial court's award. Cf. *Hammond* v. *Hammond*, 134 Vt. 318, 319, 360 A.2d 71, 72 (1976) (distinguishing periodic alimony and alimony in gross).

The argument of the plaintiff is a difficult one to follow. He admits that our cases hold, in general, that the award of alimony and its amount are within the sound discretion of the trial court, though not unlimited. *Hammond* v. *Hammond*, *supra; Cleary* v. *Cleary*, 134 Vt. 181, 182, 353 A.2d 334, 335 (1976). But he argues, without pertinent citation, that it is abuse of discretion not to consider benefits available from the SSI program, other federal benefits, and the pattern of gifts from the defendant's mother as diminishing an otherwise supportable award. As to gifts from a mother or other relative, the decided cases are against him. See Annot., 1 A.L.R.3d 123, § 16(a) (1965). And their logic seems unassailable; the prospect of a gift, absent some legal obligation to make it, is

neither a resource of the donee nor a factor diminishing a spouse's duty of support.

The same general policy is applicable to the other benefits which the plaintiff urges should be considered. Medicaid benefits were specifically found, and presumably therefore considered, by the trial court. So was the wife's low-income housing. The plaintiff concedes that 42 U.S.C. § 1382(b)(1) provides that income available to a recipient under the SSI program shall be offset by the amount of gifts and alimony payments received. This indicates a clear public policy that both the gifts and alimony income are considered as reducing the statutory benefit even though that obligation is arguably a property "right" under *Goldberg* v. *Kelly*, 397 U.S. 254 (1970), and following cases. The question is not whether there is a right, but the extent of that right. The statute would seem to make it clear that the right attaches only when need exists *above*, not *before*, the gifts and alimony payments. A similar philosophy underlies our rule, V.R.C.P. 80(b), which provides for notice to and intervention by the Commissioner of Social Welfare in divorce actions where either party is a recipient of public assistance. Whatever merit there may be for substituting public liability for spousal and parental responsibility, the result must be reached, if ever, by legislative means rather than judicial interpretation.

■ No error appears in the failure of the trial court to consider public benefits (as distinguished from *earned* payments, like Social Security), or maternal gifts, as elements in the assessment of appropriate alimony.

Plaintiff's challenge to the trial court's award of $500.00 attorney fees is virtually one of first impression in this jurisdiction. His claim is that the award cannot stand without evidence of reasonableness in the record. This precise question as to fees in a divorce action does not seem to have been squarely presented to us before. Although *Loeb* v. *Loeb*, 118 Vt. 472, 494, 114 A.2d 518, 532 (1955), contains some intimations contrary to plaintiff's position, the holding is in fact based upon a stipulation in the trial court leaving the question of reasonableness to the good judgment of that court.

Plaintiff points out, correctly, that we have required evidence to be taken in cases involving the reasonableness of an

attorney fee. We initially laid down the several considerations entering into that determination in *Platt* v. *Shields,* 96 Vt. 257, 269, 119 A. 520, 525 (1923). We have reiterated the rule and the general requirements in *Vermont National Bank* v. *King,* 135 Vt. 551, 382 A.2d 210 (1977); *City of St. Albans* v. *Goodrich,* 135 Vt. 241, 373 A.2d 549 (1977); and *Young* v. *Northern Terminals, Inc.,* 132 Vt. 125, 315 A.2d 469 (1974). But none of these cases involved divorce. *Platt* was a suit to recover a claimed overcharge by a law firm. *Vermont National* was a suit on a note providing for reasonable attorney fees. *St. Albans* involved a stipulation for a reasonable attorney fee. And *Young* involved a note provision similar to *Vermont National.* The determination of reasonableness was essential to all of these decisions, and the standards of *Platt* were applicable. These include the nature and importance of the business, professional standing, community standards, time involved, amount at stake, results secured, benefit to client, contingency or certainty of compensation, and the responsibility involved. These are, it should be noted, objective standards, without any relationship to the ability of the client to pay, or of the opposing party to shoulder the expense. Similar considerations govern award of attorney fees in a foreclosure action, where called for by the instrument. V.R.C.P. 80.1(e).

But these are not the same considerations governing the award of attorney fees, denominated "suit money" by the statutes, in a divorce action. 15 V.S.A. §§ 760, 761. The tests there are not merely the objective ones outlined in *Platt,* although these may well be considered where an asserted fee is clearly excessive, but criteria much more subjective in nature. The financial circumstances of the parties here, unlike in contract provisions for attorney fees, have an important bearing on the award. The needs of the wife and the ability of the husband to meet them are the primary consideration. *Sumner* v. *Tart,* 362 So. 2d 344 (Fla. Dist. Ct. App. 1978); *Folk* v. *Folk,* 347 S.W.2d 405 (Mo. App. 1961); *McNair* v. *McNair,* 64 Wash. 2d 283, 391 P.2d 549 (1964); 24 Am. Jur. 2d *Divorce and Separation* § 595. Where, as here, attorney fees are awarded the defendant, this is particularly true, since denial of counsel fees would be a denial of power to enforce marital rights. *Hatch* v. *Hatch,* 113 Ariz. 130, 547 P.2d 1044 (1976).

We hold, therefore, that the peculiar nature of divorce and similar actions, involving almost always the financial circumstances and abilities of the parties as matters in controversy, and being matters of common occurrence in the trial courts, obviates the necessity for a separate hearing, or the taking of particular evidence, on the question of awarding of attorney fees or suit money. In the usual, and vast majority of, cases such allowance borders on judicial routine, and is supported by evidence bearing on the circumstances of the parties generally. In the rare case where the aggrieved party desires to demonstrate basic unreasonableness of the charges in question, that right can be protected by appropriate motion to amend or alter the judgment under V.R.C.P. 59(e). Such a motion was made here, but it addressed only the question of lack of supporting evidence generally, the same question raised on appeal.

No error appears, and the judgment must be affirmed.

*Judgment affirmed.*