### Kevin A. Downs v. Susan A. Downs

[621 A.2d 229]

No. 92-025

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed January 8, 1993

*Norman R. Blais* of *Blais, Cain, Keller & Fowler, Inc.*, Burlington, for Plaintiff-Appellant.

*Robert B. Hemley* and *Norman Williams* of *Gravel and Shea*, Burlington, for Defendant-Appellee.

**Allen, C.J.** Kevin and Susan Downs both appeal from a final judgment for maintenance in which the family court, after considering the future value of Kevin's medical degree, awarded Susan $203,269. Kevin also appeals the family court's award of attorney's fees. We affirm.

Kevin and Susan were married in August of 1976. At that time, Kevin, who had just graduated from college, and Susan, who had completed three years of university study, agreed that she would leave school and work while he attended medical school. Susan worked as a clerk at a department store from the fall of 1976 until March of 1980, a month before the birth of the parties' first child. Susan did not work outside the home after the birth of the parties' first child. A second child was born in 1982. In August of 1983, Kevin moved out of the family home, and later that year, filed for divorce. Kevin finished his resi-

dency in 1984 and began work as an obstetrician and gynecologist. Kevin's income has increased from $78,500 in 1985 (the year of the divorce) to $195,500 in 1991.

This is the third appeal to this Court arising from this divorce. In *Downs I*, we reversed a revised trial court order because it was issued after the expiration of the nisi period. 150 Vt. 647, 549 A.2d 1382 (1988). In *Downs II*, we vacated the original property and maintenance order because the trial court incorrectly treated Kevin's increased earning potential as an asset to be divided under 15 V.S.A. § 751, the property settlement statute. 154 Vt. 161, 165–66, 574 A.2d 156, 158–59 (1990). Now, each party appeals the amount of the maintenance awarded; Kevin argues the award is too high and Susan argues it is too low. In addition, Kevin appeals the award of attorney's fees to Susan.

## I. Maintenance Award

Each party contends that the family court failed to follow *Downs II* when it fashioned the award on appeal. Kevin argues that the court devoted too much attention to the future value of the diploma and not enough attention to Susan's actual contributions to the obtaining of the degree. In addition, Kevin claims that the award is simply too high compared to maintenance awards ordered in other jurisdictions. Susan argues that the award is too low because it does not mathematically equalize the parties' incomes and because the award does not extend until the children attain the age of majority.

The family court was faced with the task of applying the holding in *Downs II*, which states: "[W]hen one spouse obtains a professional degree during the marriage, but the marriage ends before the benefits of the degree can be realized, the future value of the professional degree is a relevant factor to be considered in reaching a just and equitable maintenance award." 154 Vt. at 167, 574 A.2d at 159. We also held that, in diploma-divorce situations, maintenance is "'a flexible tool by which the parties' standard of living may be equalized for an appropriate period of time.'" *Id.* at 166–67, 574 A.2d at 159 (quoting *Washburn v. Washburn*, 677 P.2d 152, 158 (Wash. 1984)).

A court retains broad discretion in fashioning both the amount and duration of a maintenance award. *Id.* at 167, 574

A.2d at 159. But see *Justis v. Rist*, 159 Vt. 240, 244, 617 A.2d 148, 150 (1992) (court's discretion does not extend to an award of post-mortem maintenance where legislature has not adopted statutory language to override the common law rule proscribing such maintenance). There are two areas of court discretion arising from the *Downs II* holding: First, the standard of living "may be equalized"; second, this equalization may apply for "an appropriate period of time." 154 Vt. at 167, 574 A.2d at 159. The court correctly concluded that the use of maintenance to equalize the parties' standards of living does not require mathematical parity of income. Instead of focusing solely on income amounts, the court considered the expectations of the parties, including both the value of the future benefits to be derived from the degree, e.g., Kevin's earning capacity as a medical doctor, and the anticipated expenses to be incurred in obtaining the value of these benefits, e.g., repayment of school loans and the cost of buying into a partnership. The court also considered both parties' incomes and employability and the duration of the marriage. Most importantly, the court focused on the standards of living enjoyed by the parties. It found that the maintenance award would allow Susan to purchase a house and make a pension contribution, and allow her a measure of financial security in addition to increased ability to meet her own reasonable needs.

These findings demonstrate that the court considered the future value of the benefits to be derived from the professional degree in the context of the 15 V.S.A. § 752(b) factors and balanced the equities according to *Downs II*. We find no abuse of discretion. We also find that the court's choice of a period equal to the duration of the marriage as an appropriate period of time during which to sustain this equalization was within its discretion.

## II. Attorney's Fees

Kevin also argues that the court erred in awarding attorney's fees for legal services rendered prior to the conclusion of the *Downs II* appeal. Because Susan did not appeal the court's denial of all other requested relief in her *Downs II* appeal, Kevin contends that she is precluded from raising the ap-

peal now. Under ordinary circumstances, a judgment that denies requested relief and dismisses it with prejudice disposes of the requested relief. Where, however, the cause of action specifically allows for the recovery of attorney's fees, post-judgment claims are allowed provided there is no unfair surprise or prejudice to the affected party. See *White v. New Hampshire Dep't of Employment Security*, 455 U.S. 445, 451–54 (1982) (claim for attorney's fees, specifically allowed to the prevailing party and defined as "costs" under 42 U.S.C. § 1988, is "uniquely separable from the cause of action to be proved at trial"); *Fleury v. Kessel/Duff Construction*, 156 Vt. 406, 410–12, 592 A.2d 904, 905–06 (1991) (attorney's fees allowed where workers' compensation statute provided for recovery of attorney's fees and Commissioner's practice allowed such recovery if requested within a reasonable time); cf. *State v. Champlain Cable Corp.*, 147 Vt. 436, 438, 520 A.2d 596, 598 (1986) (denying post-judgment motion for attorney's fees in VFEPA action where defendant would be prejudiced by State's untimely motion for attorney's fees because defendant might have appealed from award of costs had defendant realized that costs would include attorney's fees).

 Attorney's fees are recoverable in a divorce action in the form of "suit money." See 15 V.S.A. §§ 606 and 607 (creating actions to recover suit money by those parties and attorneys entitled to receive it by judgment or order). The considerations governing the award of "suit money" are different from those factors governing the award of attorney's fees in nondivorce cases. *Ely v. Ely*, 139 Vt. 238, 241, 427 A.2d 361, 363 (1981). In a divorce case, the "financial circumstances of the parties . . . have an important bearing on the award." *Id.* As this Court has stated: "The needs of the wife and the ability of the husband to meet them are the primary consideration." *Id.* The factors that the court must consider will vary depending upon the maintenance and child support ordered. This Court has remanded attorney's fees awards where the maintenance and child support orders were also remanded:

> Without knowing the financial obligations and resources of the parties, after finalization of the property settlement and support and maintenance awards, it would be an abuse

of discretion for the trial court to fashion an award of attorney's fees. Accordingly, the trial court's award of attorney's fees is reversed and remanded for redetermination in light of any changes in the property division and awards of child support and maintenance that may occur upon remand.

*Cleverly v. Cleverly*, 151 Vt. 351, 358, 561 A.2d 99, 103 (1989). Because, in the case at hand, the family court ordered a new amount of maintenance, the determination of attorney's fees arose within a new factual setting and required re-examination. Moreover, Kevin was not prejudiced by the court's delayed award of attorney's fees because the award was granted as part of the court's latest maintenance order and Kevin is able to challenge the award in the instant appeal. A court may award attorney's fees where the interests of justice and equity indicate they are appropriate. *Nevitt v. Nevitt*, 155 Vt. 391, 399, 584 A.2d 1134, 1139 (1990). The court considered the *Ely* factors, and we find no abuse of discretion.

*Affirmed.*