NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@state.vt.us or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2015 VT 118

No. 2014-388

| | |
|---|---|
| Connie C. Simendinger | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, |
| | Family Division |
| | |
| William Simendinger | May Term, 2015 |

Brian J. Grearson, J.

James W. Murdoch and Michelle A. Tarnelli of Murdoch Hughes & Twarog, Burlington, for
  Plaintiff-Appellee.

Karen Shingler, Burlington, for Defendant-Appellant.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1. **REIBER, C.J.** The estate of husband, William E. Simendinger, appeals an injunction order by the Superior Court, Chittenden Unit, Family Division encumbering all real property held by the estate. Husband's estate also challenges the family court's award of attorney's fees. We affirm.

¶ 2. Wife Connie C. Simendinger and husband were married on May 23, 1987. They divorced on February 3, 2014. The final order and decree of divorce incorporated a stipulation between the parties, which provided in pertinent part:

> In full settlement of the marital estates and in lieu of alimony, the husband shall pay to the wife the sum of $2,250,000—$50,000 within 30 days and the balance of $2,200,000 in one year. This amount shall be secured by real estate, owned solely by the husband, free and clear of all mortgages. Husband shall provide this security within 30 days.

Wife received the $50,000, but husband did not subsequently pay the $2.2 million balance or secure the unpaid amount in real estate.

¶ 3. On March 28, 2014, after the thirty-day deadline passed, wife filed a motion for contempt and enforcement, as well as a motion for attorney's fees. In the motions, wife requested that the court order husband to deliver a promissory note for the unpaid amount and provide security for that note, and that the court enjoin husband from selling or transferring any interest in any property owned by him. Wife also requested that the court order husband to pay the attorney's fees wife incurred in bringing the motions. The family court set a hearing date for August to determine how best to proceed. The decree nisi became absolute on May 3, 2014.

¶ 4. Husband unexpectedly passed away on July 14, 2014. On July 22, 2014, pursuant to Vermont Rule of Civil Procedure 25(a), wife filed a motion to substitute husband's estate for husband.

¶ 5. On September 5, 2014, the family court issued an order disposing of the motions wife filed. The court denied the contempt motion but granted wife's motions for the substitution of husband's estate for husband and awarded attorney's fees. It also enjoined husband's estate from "disposing of or further encumbering any real estate interest held by the [e]state" that could be used to satisfy the final order and decree until the estate either provided the required security or otherwise satisfied the outstanding order to pay wife $2.2 million. Husband's estate appealed.

¶ 6. On appeal, husband's estate argues that the family court abused its discretion by (1) issuing an injunction against husband's estate absent a hearing to show that husband had violated a court order; (2) including certain "business properties" within the scope of the injunction; and (3) awarding attorney's fees to wife without first clearly establishing a factual basis to support an award of attorney's fees.

## I. Availability of Injunctive Relief

¶ 7. Husband's estate first argues that the family court abused its discretion when it issued an injunction absent evidence that husband had violated a court order. The estate

2

contends that the court should have found husband in contempt of its prior order before issuing the injunction. "We review the trial court's grant of an injunction under an abuse-of-discretion standard, and will not reverse unless the findings are not supported by the evidence and the court's decision lacks any legal grounds to justify the result." Evans v. Cote, 2014 VT 104, ¶ 8, ___ Vt. ___, 107 A.3d 911.

¶ 8.    The family court correctly determined that it could not hold deceased husband in contempt. See Aither v. Estate of Aither, 2006 VT 111, ¶ 7, 180 Vt. 472, 913 A.2d 376 (concluding that contempt proceeding cannot provide remedy against deceased party). However, quoting our decision in Aither, the court reasoned that it had "inherent equitable power over matters in its jurisdiction" and could therefore grant wife's motion for enforcement. Id. ¶ 6; see also 4 V.S.A. § 33 (giving family court exclusive jurisdiction to hear and dispose of divorce cases).

¶ 9.    "While contempt may be the family court's most effective enforcement tool, it is not the only tool available." Aither 2006 VT 111, ¶ 12 (quotation omitted). In Aither, we held that a trial court could use its equitable power to enforce an order without a showing of contempt.[1] Id. We recognized that courts should "have the power to enforce their own valid orders to avoid unjust results." Id. ¶ 9. Once the agreement between the wife and husband was incorporated into a final order, the family court could use its equitable power to enforce the order even after one of the parties died. See id. ¶¶ 6,7-9 (acknowledging that family court has "inherent equitable power over matters in its jurisdiction" and holding that death of one party to divorce does not remove power of courts to enforce their own valid orders).

---

[1] The specific issue in Aither was whether the court could enforce a temporary order requiring husband to make wife a beneficiary of a life-insurance policy when the underlying divorce was abated by husband's death before the divorce was final. That issue is not present here; husband died after the nisi period expired and his death did not abate the final divorce order. Nevertheless, our recognition that the family division's inherent powers include the use of equitable remedies to enforce its judgments also applies in the context of this post-judgment enforcement motion.

¶ 10.   The argument by husband's estate that the family court lacked a factual basis upon which to issue the injunction is without merit.  At a June 2014 status conference, prior to husband's death, husband stipulated that he had not complied with the final order.  Moreover, after husband's death, his estate effectively admitted non-compliance with the order in its response to wife's motions.  In its response to wife's motion to substitute parties, the estate described how, at the time of his death, husband was still in the process of assembling a package of "securities" that would serve as an alternative to the real property interests in securing the amount awarded to wife in the final order.  In describing husband's ongoing efforts at the time of his death in July 2014, husband's estate implicitly acknowledged that husband had not yet complied with the order to secure the remaining $2.2 million award.  Given the fact that husband had not complied with the order, the court did not abuse its discretion in enforcing the final order by issuing the injunction.

## II. Scope of the Injunction

¶ 11.   Husband's estate next argues that the family court's order was overbroad because it enjoined disposing of or encumbering all of the estate's business interests.  The estate fails to recognize that on its face, the injunction applies only to real property "held by the estate."  The order makes no mention of real property owned by the various corporate entities in which husband's estate holds an interest.  Thus, absent a showing that the business properties are actually held by husband's estate rather than separate entities in which husband has an interest, the injunction does not affect them.[2]  The required security, pursuant to the original February 2014 final order, was real property, "owned solely by the husband, free and clear of all mortgages."  Because the family court reasoned that there was concern as to whether the final judgment would be satisfied, it enjoined husband's estate from "disposing of or further

---

[2]  The question was raised at oral argument about whether wife could pierce the corporate veil in order to reach real property held by corporations in which husband's estate has an interest. Neither party addressed this issue in their brief, and no argument or evidence was submitted below.  We therefore decline to undertake a veil-piercing analysis in this case.  Our decision concerns only the real property held solely by husband's estate.

4

encumbering any real estate interest held by [husband's estate] that could be used to satisfy the security required by [the final order]." We find no abuse of discretion with regard to the scope of the injunction in this case, where the injunction does not extend further than the final order it was meant to enforce.

### III. Attorney's Fees

¶ 12. Finally, husband's estate argues that the family court abused its discretion in awarding wife $5360.13 for the attorney's fees incurred attempting to enforce the final order. The estate argues that the court neither had a factual basis regarding husband's assets to award attorney's fees, nor did it consider the wife's ability to pay attorney's fees herself. Absent an abuse of discretion, we will affirm a trial court's award of attorney's fees. Willey v. Willey, 2006 VT 106, ¶ 26, 180 Vt. 421, 912 A.2d 441.

¶ 13. Husband's estate admits that attorney's fees are generally recoverable in divorce actions as suit money. See Turner v. Turner, 2004 VT 5 ¶ 9, 176 Vt. 588, 844 A.2d 764 (mem.). ("Attorney's fees are recoverable in divorce actions generally as 'suit money.' " (quoting 15 V.S.A. §§ 606, 607)). Husband's estate correctly argues that consideration should be given to the parties' ability to pay, Willey, 2006 VT 106, ¶ 25, but we have held that no separate hearing is generally necessary to determine these fees because "the nature of divorce proceedings is such that the evidence relevant to [the] determination [of attorney's fees] will already have come out." Hanson-Metayer v. Hanson-Metayer, 2013 VT 29, ¶ 64, 193 Vt. 490, 70 A.3d 1036; see also Ely v. Ely, 139 Vt. 238, 242, 427 A.2d 361, 364 (1981) ("In the usual, and vast majority of, cases [the award of attorney's fees] borders on judicial routine, and is supported by evidence bearing on the circumstances of the parties generally." (emphasis added)). Moreover, courts may award attorney's fees when they are in "the interests of justice and equity." Downs v. Downs, 159 Vt. 467, 472, 621 A.2d 229, 232 (1993).

¶ 14. The instant case is most similar to our recent decision in Willey, 2006 VT 106. There, the family court awarded attorney's fees to wife for the cost incurred trying to enforce a

prior divorce settlement agreement with her husband. Because the court had heard evidence concerning husband's business and non business assets, as well as husband and wife's general financial dispositions, we found no abuse of discretion in the awarding of attorney's fees. Id. ¶ 27. Furthermore, we noted that when awarding attorney's fees, the question for the court is not one of bare ability to pay, but an "equitable one" where "the family court has discretion to award attorney's fees even to a party who has received an award in the underlying action sufficient to pay the fees." Id. ¶ 26.

¶ 15. Similarly, in the present case, wife incurred attorney's fees while trying to enforce the family court's prior order against non-compliant husband. In support of her claim for attorney's fees incurred seeking enforcement of the final order, wife submitted an affidavit from her attorney describing the amount she was billed each month. This affidavit was supported by monthly billing statements and an expert opinion as to reasonableness of the rate charged. The court also had a general understanding of both parties' financial conditions from evidence presented in the original divorce proceeding and from evidence introduced into the record prior to the final order, including evidence of husband's business and non business assets, husband's monthly child support payments of $3000, and husband's receipt of income at the time of his death. These facts support the award of attorney's fees, and we find no abuse of discretion.

Affirmed.

FOR THE COURT:

_____
Chief Justice

6