*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-193

FEBRUARY TERM, 2017

| | | |
|---|---|---|
| Frederick E. Murray | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Kairie Murray | } | DOCKET NO. 506-8-15 Cndm |

Trial Judge: Mary L. Morrissey

In the above-entitled cause, the Clerk will enter:

Wife appeals the superior court's final divorce order, arguing that the court abused its discretion in establishing the amount and duration of its maintenance award. We affirm.

The parties, who are in their mid-thirties and in good health, married in September 2006 and separated in April 2015. A final divorce hearing was held in March 2016, and the following month the superior court issued a final divorce order. The relevant facts as found by the superior court are the following.[*] Two children were born of the marriage, the first in January 2010 and the second in March 2012. When the children were born, the parties agreed that wife, who has a college degree, would stay home and care for them while husband worked. In 2015, husband earned approximately $40,000 working for the United States Citizenship and Immigration Services. The previous year husband earned approximately $34,000 for the same employment. He reported his then-current gross income for each two-week period as $1534, with a net income of $1164. In addition to being the child's primary caregiver, mother worked at a grocery store for $9.75 an hour for eleven to fifteen hours per week. She earned approximately $525 per month from that work. The family also received Supplemental Security Income (SSI) in the amount of $700 per month due to their older child's developmental disability.

The standard of living established during the marriage was not extravagant but the parties lived beyond their means, as evidenced by their credit card debt. The parties had very few assets and did not own a home. Husband had approximately $8000 in a retirement account. He agreed to be responsible for loans and debts held by him individually or jointly with wife. Those loans and debts totaled approximately $70,000, $43,000 of which were his student loans. Wife had $40,000 in loans and debts in her name only, including $32,000 in federal student loans.

---

[*] Wife, who appeared pro se in the proceedings below but is represented by counsel on appeal, did not order a transcript of the final divorce hearing and thus has not challenged the sufficiency of the evidence to support any of the court's findings. See V.R.A.P. 10(b)(1) ("By failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review.").

Wife listed approximately $3000 in monthly expenses, which included only rent, bills, loan payments, groceries and clothing. At the time of the final hearing, husband had no car and was living in the basement of the home of friends, paying approximately $525 per month in rent and utilities.

In its decision, the superior court awarded wife primary physical rights and responsibilities for the children, with husband having parent-child contact that would be expanded once he obtained a car and his own apartment. The court ordered the parties to evenly divide husband's small retirement account and made husband responsible for all debts not solely in wife's name, as described above. The court further ordered husband to pay $765 in monthly child support until the more expanded parent-child contact occurred, at which point that amount would be reduced to $727. The court also required husband to pay wife $50 per month to reimburse her for transportation costs until he obtained a car.

Finally, the court awarded wife $450 per month in maintenance for a period of eighteen months. The court provided a lengthy explanation for arriving at this award. The court found that wife's reasonable expenses to maintain her residence totaled $3070 per month. The court acknowledged that mother was meeting those expenses from her part-time work income, the monthly SSI check, and $1700 per month that husband had been paying her since the issuance of an October 2015 temporary order that did not break down that amount between maintenance and child support. The court concluded that wife had marketable skills and a college degree and would be able to significantly increase her income "in the relatively near future" when father had more parent-child contact and the youngest child started school in the fall of 2017.

The court also found that husband was struggling to meet his own financial needs, noting that under the temporary order he was paying nearly eighty percent of his monthly net income in child support and maintenance alone, which left him with less than $500 per month in living expenses. The court found that husband would not be able to sustain over the long term the amount of child support and maintenance that he had been paying under the temporary order. The court acknowledged that wife was left "at a disadvantage" because of the parties' decision that she would stay home and care for the children, but found that wife would be able to increase her earning capacity significantly within the next eighteen months. The court recognized that the reduced level of support under the final order would impact wife's household but noted this was often "the inevitable result" of a divorce resulting in two households.

In arriving at a maintenance award of $450 per month for eighteen months, the court sought to provide wife with additional income until she could increase her work hours after the youngest child started school. The court stated that, under its order, wife would have monthly resources of approximately $2400 and husband would have remaining monthly income of $1400, with the difference reflecting the fact that wife would have the children seventy percent of the time.

On appeal, wife argues that the superior court abused its discretion in establishing the amount and duration of the maintenance award by failing to factor in her homemaker contributions, which she claims reduced her future earning capacity and increased husband's future earning capacity. As wife acknowledges, our review of the court's award is deferential. "The family court has considerable discretion in determining the amount and duration of maintenance once grounds for the award are established under the statutory criteria, and a maintenance award will be set aside only if there is no reasonable basis to support it." Gravel v. Gravel, 2009 VT 77, ¶ 23, 186 Vt. 250.

The court may award rehabilitative or permanent maintenance to a spouse who lacks sufficient income and assets to provide for his or her reasonable needs and is either unable to support himself or herself at the standard of living established during the marriage or has custody of the parties' children. 15 V.S.A. § 752(a). The maintenance award must "be in such amounts and for such periods of time as the court deems just, after considering all relevant factors including, but not limited to," the financial resources of the party seeking maintenance and that party's ability to meet his or her needs independently, the property apportioned to that party, the time and expense necessary for that party to obtain necessary education or employment, the standard of living established in the marriage, the length of the marriage, the age and health of the parties, and "the ability of the spouse from whom maintenance is sought to meet his or her reasonable needs while meeting those of the spouse seeking maintenance." Id. § 752(b).

Here, the superior court carefully examined each of these factors. Wife contends, however, that the court's award fails to compensate her for her homemaker contributions, which she claims enhanced husband's future earning capacity while negatively impacting her own future earning capacity. But the cases that wife relies upon involved long-term marriages in which the homemaker spouse had not worked in many years, see, e.g., Delozier v. Delozier, 161 Vt. 377, 386 (1994) (concluding that family court had discretion to award plaintiff permanent maintenance that included both rehabilitative and compensatory components, given plaintiff's homemaker role during borderline long-term marriage of fifteen years, but that court abused its discretion by permanently equalizing parties' incomes), or shorter marriages in which the homemaker spouse had made significant contributions to the other spouse's education and future earning capacity, see, e.g., Downs v. Downs, 159 Vt. 467, 469-70 (1993) (upholding family court's maintenance award equalizing parties' incomes for seven years, which was length of marriage, where wife supported husband while he obtained medical degree).

Wife does not suggest that she is entitled to permanent maintenance. "Our precedents have generally equated time-limited maintenance with rehabilitative maintenance—that is, maintenance to support the recipient spouse while he or she becomes self-sustaining." Gravel, 2009 VT 77, ¶ 20. That is what the court attempted to do in this case, keeping in mind that within the next eighteen months both children would be in school and husband would have greater parent-child contact. This was not a long-term marriage and wife did not support husband while he obtained a degree. Moreover, wife had marketable skills and a college education and had been outside the work force for a relatively few number of years. We conclude that the superior court's maintenance award is within its wide discretion, given the facts and circumstances of this case.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

3