NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2020 VT 32

No. 2019-215

| | |
|---|---|
| MiHae (Hooper) Randall | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Addison Unit, |
| | Family Division |
| | |
| Timothy Andrew Hooper | October Term, 2019 |

Alison S. Arms, J.

Pamela A. Marsh of Marsh & Wagner, P.C., Middlebury, for Plaintiff-Appellant.

Timothy Andrew Hooper, Pro Se, and Elijah R. Bergman of Lynch & Foley, Middlebury, for Defendant-Appellee.


PRESENT: Reiber, C.J., Robinson and Eaton, JJ., and Burgess, J. (Ret.)[1] and Morris, Supr. J., Specially Assigned


¶ 1. **REIBER, C.J.** Following a proceeding between MiHae (Hooper) Randall (mother) and Timothy Randall (father) regarding the modification of parental rights and responsibilities and parent-child contact, mother filed a motion with the family division requesting that father pay a portion of her attorney's fees. The court denied mother's motion. Mother filed a motion to amend or alter the judgment, which the court also denied. Mother appeals. We hold that the trial court did not abuse its discretion in denying mother's request for attorney's fees and therefore affirm.

---

[1] Justice Burgess was present for oral argument but has since recused himself.

¶ 2.     Mother and father divorced in 2012. The divorce order established that they would share physical and legal rights and responsibilities for their two children. As a result of disputes between the parties regarding where the children would attend school, in 2012 the court modified the parties' final decree to include a provision concerning the children's schooling, and in 2013 it awarded mother sole legal rights and responsibilities relating to the children's education. In 2018, father filed a motion requesting that he be awarded sole legal and physical parental rights and responsibilities for their daughter. He also requested that mother not have contact with daughter because mother was "displaying significant signs of paranoia." Following an extensive contested proceeding, including a four-day evidentiary hearing, the court determined there was a real, substantial, and unanticipated change of circumstances warranting modification of parental rights and responsibilities due to the daughter's exposure to domestic violence, her school absences, and "the deterioration of mother's mental health." The court further held that it was in the daughter's best interest for father to have sole legal and physical rights and responsibilities, subject to mother's parent-child contact.

¶ 3.     Mother filed a motion for attorney's fees in September 2018, prior to the modification hearing. She renewed the motion in December 2018 on the final day of the hearing. The court held an evidentiary hearing on the motion for attorney's fees in March 2019 and denied the motion in a written order in April 2019. The court made the following findings, which are undisputed except as noted. Mother is unable to work due to illness. Her expenses are $1775.18 per month, and she earns $975 per month. She has a one-third ownership interest in Little Bay Cabins, a resort property, and she does not know the value of this interest. She has a legal debt of $49,560.75 to Marsh & Wagner, PC. Mother's attorney's fees are reasonable. Father earns $8993 per month and spends $9175 per month.[2] Father's spouse pays half of their household's expenses,

---

[2] As the court explained, father claimed $8619 in monthly expenses, but the court made its own calculation based on father's listed expenses and found the total was $9175. Mother

2

and the court did not include the spouse's half in father's expenses or consider the spouse's income in deciding father's ability to pay attorney's fees. The court found father's income and expenses were roughly equal, and father did not have the ability to pay mother's attorney's fees "without liquidating his retirement account, selling his residence, or taking out loans." It found that mother "may yet have the ability to pay her attorney," given the unknown value of her business interest.

¶ 4. The court also considered father's justification in bringing the motion to modify parental rights and responsibilities, comparing father's actions to the mother's in Knutsen v. Cegalis, 2017 VT 62, 205 Vt. 144, 172 A.3d 180. The court observed that father "incurred attorney's fees when seeking to protect the best interests of their child by moving the court to provide relief from the other party's conduct," as the mother did in Knutsen, and that father did so "justifiably." The court also stated that father had tried to mediate his dispute with mother before filing his motion. Based on its findings and these considerations, the court denied mother's motion, holding: "On balance, father's greater financial resources do not require the court award mother attorney's fees, considering that but for mother's parenting behavior, father would not have moved to modify parental rights and responsibilities and parent-child contact and mother would not have incurred the instant attorney's fees."

¶ 5. Mother filed a motion to alter or amend the judgment on attorney's fees. The court agreed with one part of mother's argument—that the court had erred in finding that mother had refused mediation—and struck that finding from its opinion. The court otherwise denied mother's motion without further explanation.

---

objects in a footnote that "[i]t is unclear how the court reached that calculation." This statement is insufficient to raise a challenge to the court's finding that father's expenses totaled $9175. See In re Commercial Airfield, 170 Vt. 595, 595 n.1, 752 A.2d 13, 14 n.1 (2000) (mem.) (refusing to consider argument because it was inadequately briefed); V.R.A.P. 28(a)(4). We therefore consider this factual finding undisputed.

¶ 6.   Mother timely appeals, arguing the court abused its discretion in denying her request for attorney's fees.  "We will affirm an award of attorney's fees unless it is an abuse of discretion."  Willey v. Willey, 2006 VT 106, ¶ 26, 180 Vt. 421, 912 A.2d 441.  We review factual findings for clear error and conclusions of law de novo.  Stickney v. Stickney, 170 Vt. 547, 548, 742 A.2d 1228, 1230-31 (1999) (mem.).

¶ 7.   "In proceedings dealing with motions to modify parental rights and responsibilities, the trial court may award attorney's fees in its discretion."  Mullin v. Phelps, 162 Vt. 250, 268, 647 A.2d 714, 725 (1994); see also Turner v. Turner, 2004 VT 5, ¶ 9, 176 Vt. 588, 844 A.2d 764 (mem.) ("Attorney's fees are recoverable in divorce actions generally as 'suit money.' " (quoting 15 V.S.A. §§ 606, 607)).  "The considerations governing the award of 'suit money' are different from those factors governing the award of attorney's fees in nondivorce cases."  Downs v. Downs, 159 Vt. 467, 471, 621 A.2d 229, 231 (1993).  The respective resources of the parties is the most significant consideration in deciding whether to award reasonable attorney's fees in the context of a post-judgment motion to modify parental rights and responsibilities.  See Mullin, 162 Vt. at 268-69, 647 A.2d at 725 ("In proceedings dealing with motions to modify parental rights and responsibilities, the trial court may award attorney's fees in its discretion.  The power to allocate expenses among the parties mitigates the potentially onerous financial burden that can befall one who seeks to promote a child's best interests.  In fashioning an award [of attorney's fees in a post-judgment divorce action], the court's primary consideration is the financial resources of the parties." (citation omitted)); see also Ely v. Ely, 139 Vt. 238, 242, 427 A.2d 361, 364 (1981) (explaining that "[i]n the usual, and vast majority of, [divorce] cases, such allowance [of attorney's fees] borders on judicial routine, and is supported by evidence bearing on the circumstances of the parties generally").  But this consideration can be overcome by a host of other factors, including the reasonableness of the parties' litigation conduct and the strength of their positions; the reasonableness of the requested fees; whether the party from whom fees are sought is represented;

4

and the parties' conduct leading up to and during the litigation. Cf. Knutsen, 2017 VT 62, ¶ 28 (considering father's conduct prior to and during litigation in reviewing trial court's denial of attorney's fees to mother); Mullin, 162 Vt. at 269, 647 A.2d at 725 (upholding trial court's limited award of attorney's fees to mother based on parties' respective financial circumstances, reasonableness of attorney's fees, and father's other financial obligations set forth in post-judgment divorce order). "[T]he question for the court is not one of bare ability to pay, but an equitable one." Simendinger v. Simendinger, 2015 VT 118, ¶ 14, 200 Vt. 378, 131 A.3d 744 (quotation omitted).

¶ 8. We hold that the family division did not abuse its discretion in weighing the equitable considerations in this case. The court considered the "financial circumstances of the parties," as required. Begins, 721 A.2d at 474, 168 Vt. at 305-06 (quotation omitted) (reversing and remanding because court "completely failed to address the parties' respective financial needs and ability to pay"). The court determined that father's income and expenses were roughly equivalent; father could not pay mother's attorney without liquidating his assets; father's financial resources were greater than mother's; mother's income was less than her expenses, but the value of her business interest was unknown; and mother may be able to pay her attorney due to her business interest. It found mother's attorney's fees were reasonable. The court also found that the concerns that led father to seek modification of parental rights and responsibilities were justified and that the modification proceeding, and associated attorney's fees, resulted from mother's behavior. These findings and considerations support the court's exercise of discretion in deciding that father was not required to pay mother's attorney's fees. See Simendinger, 2015 VT 118, ¶ 14; see also Field v. Field, 139 Vt. 242, 244, 427 A.2d 350, 352 (1981) ("Abuse of discretion will only be found if the trial court fails to exercise its discretion, exercises it for clearly untenable reasons or to an untenable extent.").

¶ 9.     Mother makes several arguments to support her claim that the court abused its discretion.  First, mother argues that according to her calculation of father's expenses and income, father can afford to pay a portion of her attorney's fees.  She specifically takes issue with several of father's listed expenses, including money for college savings, test preparation, and "Stern testing."  Mother emphasizes that father has considerable financial resources, whereas mother's financial resources are severely limited.  Mother also argues that the family division erroneously assumed "that the standard was whether [father] had an ability to pay without liquidating assets or taking out loans."

¶ 10.    Insofar as mother's argument may be construed as a challenge to the court's factual findings, we hold that the court's findings were supported by the record.  See Stickney, 170 Vt. at 548, 742 A.2d at 1230-31 ("[W]e will not set aside the findings unless they are clearly erroneous. The findings will stand if there is any reasonable and credible evidence to support them." (citations omitted)); see also Evans Grp., Inc. v. Foti, 2012 VT 77, ¶ 16, 192 Vt. 311, 59 A.3d 744 (holding that "trial court was within its province as factfinder to credit" one witness's testimony over another's "or to accord it more weight, and it is not for this Court to reweigh . . . or otherwise retry the evidence").  Additionally, mother did not challenge below the specific expenses she now states are exaggerated, and she cannot raise that objection now.  See In re A.S., 2016 VT 76, ¶ 5, 202 Vt. 415, 150 A.3d 197 (mem.) ("To raise an objection a party must present the issue to the trial court in the first instance to allow that court a fair opportunity to rule on it.  Arguments not raised below will not be addressed for the first time on appeal." (quotation omitted)).  Thus, we accept the court's findings undisturbed.  Given these findings, there was no abuse of discretion.  As to mother's claim that the court relied on an erroneous assumption regarding liquidating assets, we agree with mother that there may exist facts and circumstances in which it would be appropriate for the family division to order a party to pay attorney's fees even if the party must liquidate an

asset or assets to do so. But the court did not abuse its discretion in deciding that those facts and circumstances were not present here.

¶ 11. Second, mother argues that the family division determined that mother's defense of the action was unjustified and denied the payment of attorney's fees on that basis. We disagree. The court drew on Knutsen, in which the father, who had greater financial resources than the mother, "blatantly and repeatedly violated the court's orders to [their child's] detriment, prompting" the mother to file a motion to modify parental rights and responsibilities. 2017 VT 62, ¶ 26. The father ultimately prevailed in the action, which led the family division to deny the mother's request for attorney's fees. This Court reversed, holding that "[j]ustice and equity plainly support[ed] an award" to the mother, given the father's actions and the respective financial positions of the parties, even though the mother was not the prevailing party. Id.

¶ 12. Here, in considering mother's "parenting behavior" in its decision to deny her an award of attorney's fees, the court was not "blam[ing]" mother for her parenting, as mother claims, or determining that mother was unjustified in defending against the motion. Indeed, mother's defense was not improper or unreasonable. Unlike the father in Knutsen, she was not contemptuous or intentionally obstructive, see 2017 VT 62, ¶ 26, and no one claims her defense was frivolous.

¶ 13. But mother's parenting behavior was relevant to father's actions in the proceeding. In its decision modifying parental rights and responsibilities, the trial court found that mother had falsely accused and disseminated allegations against father to others with whom the daughter interacted, including the therapist mother chose to treat daughter without father's initial consent. It found that mother had perpetrated and exposed daughter to domestic violence between mother and her subsequent partner; had kept daughter out of school excessively without good medical reason; and had become paranoid, anxious, and manic, displaying anger and aggression towards others. The trial court did not blame mother for most of these behaviors, which the court attributed

7

to a decline in mother's mental health. It did, however, consider mother's conduct as relevant to her request for fees from father.

¶ 14. Essentially, mother argues that because the court attributed mother's harmful parenting behaviors to her mental health issues, the trial court improperly relied on those behaviors as a basis to decline to award her any suit money. We disagree. We do not interpret the trial court as finding mother blameworthy, or as punishing her for mental health issues beyond her control. Given the court's analysis of the merits of the motion to modify, it is clear that the court, in these particular circumstances, concluded that mother's case in the modification proceeding was far weaker than father's. Although the court may award suit money to the non-prevailing party, the strength of the parties' cases is a permissible consideration in the suit-money calculus. Moreover, it is clear the court concluded that, though the harmful parenting behaviors that led to these modification proceedings may not have been entirely mother's fault, they most definitely were not father's, and it would not be fair to subject father to the financial strain of paying part of mother's lawyer's bill where father sought the modification for good reason and in the best interests of the children. Given the highly unusual facts of this case, we cannot conclude that the court abused its discretion when it considered mother's conduct as a factor in its equitable decision.[3]

¶ 15. Lastly, mother argues that Bassler v. Bassler, 156 Vt. 353, 593 A.2d 82 (1991), requires an award of attorney's fees when an indigent parent defends against a motion to modify

---

[3] Additionally, mother argues that the family division erred in denying her motion to alter or amend the judgment—apart from striking one of its findings—without further explanation. She cites Hanson-Metayer v. Hanson-Metayer, in which we reversed the court's discretionary decision regarding attorney's fees because "a key finding that the court made related to the current financial situation of the two parties was not supported by the evidence, and because the court failed entirely to explain the equities it considered in making its decision." 2013 VT 29, ¶ 65, 193 Vt. 490, 70 A.3d 1036. Here the family division "explain[ed] the equities it considered in making its decision" in its written opinion denying mother's motion for attorney's fees, id., and mother does not explain how striking its finding regarding mediation would disturb the basis for its initial equitable decision and require additional explanation. We therefore reject her argument. See Commercial Airfield, 170 Vt. at 595 n.1, 752 A.2d at 14 n.1; V.R.A.P. 28(a)(4).

8

parental rights and responsibilities brought by a wealthy former spouse.[4] Bassler held that an antenuptial agreement in which the wife waived all rights to any property owned by her husband was unenforceable because it was unconscionable at the time it was executed and because enforcing it left the wife a "public charge." Id. at 361-62, 593 A.2d at 87-88. Mother argues that her situation is similar to that of the wife in Bassler. Mother has little income and the record indicates she relies on public benefits for food and healthcare. Father's income and assets are considerably greater than mother's. In addition, mother emphasizes, she is mentally ill and would not have been able to defend herself without representation. Given mother's and father's relative financial circumstances and mother's mental illness, mother maintains that it violates public policy to require her to pay the full amount of her attorney's fees.

¶ 16. Mother overextends Bassler. Bassler holds that the antenuptial agreement in that case, given the specific facts of that case, was unenforceable. Id. It does not create a rule that a wealthier spouse must pay the attorney's fees of an indigent spouse. A disparity in financial resources does not remove the court's ability to exercise its equitable discretion. See Simendinger, 2015 VT 118, ¶ 14.

¶ 17. The family court would have been well within its discretion in awarding some suit money to mother in this case, but we cannot conclude that it abused its discretion in declining to do so.[5] See Field, 139 Vt. at 244, 427 A.2d at 352 ("Abuse of discretion will only be found if the

---

[4] Father contends that this argument was not raised below and therefore we should not consider it. See Miller-Jenkins v. Miller-Jenkins, 2010 VT 98, ¶ 28, 189 Vt. 518, 12 A.3d 768 (mem.) ("Issues not raised with specificity and clarity, and in a manner which gives the trial court a fair opportunity to rule on them, are . . . waived."). Mother did raise this argument—which is a continuation of her argument that an award of attorney's fees is equitable in this case—in her motion to alter or amend the judgment.

[5] Although we conclude that the family division here did not abuse its discretion, we share mother's concern regarding access to justice. See Zorn v. Smith, 2011 VT 10, ¶ 16, 189 Vt. 219, 19 A.3d 112 ("The right of access to justice is fundamental in our state constitution."); see also Vt. Const. ch. I, art. 4 ("[E]very person ought to obtain right and justice, freely, and without being

trial court fails to exercise its discretion, exercises it for clearly untenable reasons or to an untenable extent.").

Affirmed.

FOR THE COURT:

_____
Chief Justice

---

obliged to purchase it . . . ."). Any person should be able to obtain representation when needed, regardless of income, and being mentally ill makes the need for representation more pressing.

We commend mother's attorney for providing representation despite the real possibility that she would not receive payment for her services. "A lawyer should be mindful of the deficiencies in the administration of justice and of the fact that the poor, and sometimes persons who are not poor, cannot afford adequate legal assistance. Therefore, all lawyers should devote professional time and resources . . . to ensure equal access to our system of justice for all those who because of economic or social barriers cannot afford or secure adequate legal counsel." V.R.Pr.C. pmbl. ¶ 6 (2009), https://www.vermontjudiciary.org/sites/default/files/documents /VermontRulesofProfessionalConduct.pdf [https://perma.cc/X9SM-26VN].