VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      25-AP-224



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

# ENTRY ORDER

### JANUARY TERM,   2026

| | |
|---|---|
| Samantha Freda* v. Joshua Cunningham | } APPEALED FROM:<br>} Superior Court, Windham Unit,<br>} Family Division<br>} CASE NO. 22-DM-01681<br>Trial Judge: Elizabeth D. Mann |

In the above-entitled cause, the Clerk will enter:

In this parentage action, mother appeals from a trial court decision granting in part and denying in part her motion to enforce a post-judgment order governing communication between the parties regarding their minor child.  We affirm.

The parties are parents of a daughter, born in November 2015.  In April 2016, the family division issued a stipulated final order awarding mother primary legal and physical parental rights and responsibilities.  As relevant here, the order also provided that while daughter was with one parent, the other parent could speak with daughter by telephone "[a]t reasonable times."

In December 2021, the court modified the final order—again, based on the parties' agreement—to provide that physical rights and responsibilities were to be shared by mother and father.  The amended order included a new provision stating that "[p]arent-parent communication shall be through mother's father, via texts, until otherwise agreed."

In August 2024, mother moved to modify the final order's parent-child contact schedule.[1]  She also requested that the court amend the communication provision to require that all nonemergency contact between the parties take place on the Talking Parents co-parenting app unless otherwise agreed.  Father opposed mother's motion to modify the contact schedule but agreed to her proposed change to the parent-parent communication provision.

---

[1]  Several post-judgment motions were filed in the years between the issuance of the December 2021 order and the filing of mother's August 2024 motion.  We do not detail this procedural background here because, for the reasons discussed below, it is not relevant to the issues properly before us in this appeal.

In March 2025, the court held a contested hearing on the motion to modify parent-child contact. Later that month, it issued an order denying mother's motion for modification on grounds that she had not demonstrated the requisite real, substantial, and unanticipated change in circumstances. The court did, however, grant mother's request to modify the order governing communication between the parties. In the order, it found that the parties' use of the Talking Parents app had been productive and directed them to continue using the app "for all communications regarding [daughter] and for calls to [daughter] when she is with the other parent." It further provided that in scenarios where the app was not available, the parties "may communicate with one another via text message" provided the communication was time-sensitive, though the court indicated that it expected that the need for communication outside the app would be "rare."

Mother, self-represented, moved to enforce this order in May 2025. In a supporting affidavit, she alleged that father falsely claimed he was unable to access the Talking Parents app and had been contacting her by other means for non-emergency matters. She attached documents she described as the history of the parties' communication in the app as well as emails and texts she allegedly received from father in contravention of the March 2025 order. She requested that the court direct father to comply with that order by using the app as directed.

Father filed a self-represented opposition in which he requested that mother's enforcement motion be quashed. He argued that mother's exhibits demonstrated that he is now able to access the Talking Parents app and had responded to her messages there. He also alleged that mother did not routinely check the Talking Parents app.

The court issued an order giving mother until June 30, 2025, to respond to father's filing. Mother filed a response on June 17. She asserted that father failed to serve his opposition on her and asked that his request to quash her motion be denied on that basis. She also attached additional exhibits from the Talking Parents app, arguing that these demonstrated that she had not been allowed to call daughter during father's contact time since February 2025—which she alleged was a separate violation of the court's order—and that he continued to contact her outside the app regarding non-emergency matters.

In June 2025, the court issued an order granting in part and denying in part mother's motion to enforce. It explained that the parties' representations about their communications were not "wholly consistent" with the documentation provided, which "suggest[ed] that while father has at times been somewhat slow to respond," mother "intentionally opens the communication application only on specified dates that she selects," which was "also problematic." The court also noted that while the parties "continue to struggle with their personal interactions," there was also "evidence here of an ability of the parents to work together for the benefit of [daughter]." It ordered that, to the extent the app was able to send message notifications to the parties' email accounts or text programs, "they shall select that option and shall respond to any communication sent via the application within 2-3 days or sooner for time sensitive issues." In the event this was not possible, the court directed both parties to check the app "daily" and respond to or otherwise acknowledge any message from the other party within twenty-four hours. Lastly, the court ordered the parties to communicate with one another to confirm a schedule for telephone contact with daughter and, if they were unable to reach agreement, to each file a proposal with the court, which would provide a final schedule. This appeal followed.

Although mother raises numerous arguments on appeal, only a portion are appropriately before this Court.[2] First, because this is an appeal of the court's June 2025 order, we have jurisdiction to review only those issues appropriately raised in connection with that order. See Adamson v. Dodge, 2006 VT 89, ¶ 4, 180 Vt. 612 (mem.) (rejecting self-represented appellant's argument that challenge to unappealed order denying motion to modify parental rights and responsibilities could be considered in connection with appeal of subsequent post-judgment motion). Mother's challenges to earlier rulings or orders of the trial court—including her contentions that the court erred in disallowing certain discovery prior to the March 2025 hearing and erred in admitting or excluding certain evidence at that hearing—are beyond the scope of our review in this appeal. Second, several of mother's arguments rest on factual assertions that are not part of the record, such as her allegation that father has continued to withhold phone contact with daughter while this appeal has been pending. We do not consider these arguments because our review is confined to the record adduced below and, on appeal, we cannot consider facts not in the record. See Hoover v. Hoover, 171 Vt. 256, 258 (2000). With this understanding of our scope of review, we take up mother's remaining arguments.

Mother contends that the June 2025 order should be reversed because father failed to serve his opposition on her, and the court therefore erred in considering the arguments he raised in that filing. This argument fails because mother has not demonstrated prejudice. See V.R.C.P. 61 (providing that error is not grounds for reversal if it "does not affect the substantial rights of the parties"). As mother points out, the purpose of the service requirement is to ensure notice and an opportunity to respond. Here, the court issued an order alerting mother to father's filing and providing her a period of time to respond; mother filed a response within that period. See, e.g., Sumner v. Sumner, 2004 VT 45, ¶ 14, 176 Vt. 452 (concluding that family division's error in granting wife's motions without assuring husband had proper notice was harmless because husband was able to present his arguments to court at meaningful time). We note, moreover, that the record does not support mother's assertion that the court simply accepted the unsworn factual representations included in father's filing. Rather, the June 2025 order expressly indicated that—following review of the exhibits mother herself submitted—it did not find either party's characterization of their communications entirely accurate. The court's observation that mother only periodically checked the Talking Parents app is supported by the exhibits. For example, in an April 23, 2025 message, mother concluded by stating: "I plan to reopen the app by 5/7 to check in about any necessary business" and noted, "I will not get any messages in this app until

---

[2] We note that, in her brief, mother cited a purported decision of this Court, "C.M. v. P.M., 2015 VT 92, ¶ 21." The citation provided by mother corresponds to an entirely different opinion than that named and does not support the proposition for which it was cited. We were unable to identify any existing opinion of this Court that mother may have been intending to reference through this citation. We remind mother that, by presenting a document to this Court, she is certifying that "to the best of [her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the claims, defenses, and other legal contentions contained in that filing "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." V.R.C.P. 11(b)(2); see V.R.A.P. 25(d)(2) ("By presenting a document to the Court—whether by signing, filing, submitting, or later advocating it—an attorney or self-represented party is making the certification provided by V.R.C.P. 11(b) as to that paper."). Although self-represented litigants like mother "receive some leeway from the courts," they are nonetheless bound by the ordinary rules of procedure, "includ[ing] the obligations of Rule 11 and sanctions for noncompliance." Zorn v. Smith, 2011 VT 10, ¶ 22, 189 Vt. 219. Mother is warned that future conduct of this nature may result in sanctions. See V.R.A.P. 25(d)(3).

then. You can use my cell for emergency messages." Given the absence of prejudice, any defect in the service of father's opposition does not establish grounds for reversal of the court's June 2025 order.

Mother also contends that the order "reflects a broader pattern of leniency toward [father]" that pervaded the post-judgment proceedings in this case. Initially, we stress that "the existence of adverse rulings, no matter how erroneous or numerous, or that the judge expressed a comment or opinion, uttered in the course of judicial duty, based upon evidence in the case," standing alone, do not show bias. Gallipo v. City of Rutland, 163 Vt. 83, 96 (1994). In any event, to the extent mother seeks to raise a claim of bias on the part of the trial court, it is not preserved for our review because she did not seek disqualification of the judge below. See DeLeonardis v. Page, 2010 VT 52, ¶ 31, 188 Vt. 94 (explaining that claim of judicial bias not preserved for appeal where party did not seek disqualification of judge below).

This leaves mother's challenges to the reasoning and conclusions of the June 2025 order. Mother argues that the court abused its discretion in failing to meaningfully enforce the app-based communication requirement, asserting that the order is vague and contradictory and minimizes the impact of father's failure to follow the March 2025 order. She also contends that the court should have considered the history of father's conduct during the case and done more to hold him accountable. Finally, mother asserts that the trial court failed to address her contention that father was not allowing her to have phone calls with daughter during his visits.

When one party seeks to enforce a final order regarding parental rights and responsibilities or parent-child contact, the family court has discretion to fashion an appropriate order. Cf. Simendinger v. Simendinger, 2015 VT 118, ¶¶ 7-8, 200 Vt. 378 (reviewing grant of motion to enforce final divorce order for abuse of discretion); see, e.g., Stevens v. Russo, No. 2010-275, 2011 WL 4983982, at *2 (Vt. March 4, 2011) (unpub. mem.), https://www.vermont judiciary.org/sites/default/files/documents/eo10-275.pdf (reviewing denial of motion to enforce existing parent-child-contact order for abuse of discretion). We will not disturb the court's order unless that discretion "was exercised upon unfounded considerations or to an extent clearly unreasonable upon the facts presented." Cleverly v. Cleverly, 151 Vt. 351, 355-56 (1989) (quotation omitted). Mother has not demonstrated an abuse of discretion here.

The court's order demonstrates that it reviewed the parties' arguments, as well as mother's exhibits, and concluded that the parties had the ability to work together through the Talking Parents app for daughter's benefit. It enforced the March 2025 order by directing the parties to establish a system that would ensure each received timely notification of any messages sent through this platform—thus reducing the need for either party to contact the other outside of the app. And while mother argues that the order is vague and contradictory, she fails to explain why this is so. We therefore decline to address this argument as inadequately briefed. See V.R.A.P. 28(a)(4) (requiring that appellant's brief include "the issues presented, how they were preserved, and appellant's contentions and the reasons for them—with citations to the authorities, statutes, and parts of the record on which the appellant relies"); Pcolar v. Casella Waste Syst. Inc., 2012 VT 58, ¶ 19, 192 Vt. 343 (explaining that self-represented litigants must satisfy minimum briefing standards of Rule 28(a)(4) and declining to address inadequately briefed argument). Similarly, mother does not explain how the court failed to address her request to enforce telephone calls with daughter during father's contact time. Although mother raised this issue for the first time in her response to father's opposition, the court nonetheless addressed the issue by directing the parties to consult and attempt to agree on a schedule for phone contact. It further provided that, if they were unable to agree, the parties could file their

proposals with the court and it would issue an order. We decline to address this argument, too, as inadequately briefed. See <u>Pcolar</u>, 2012 VT, ¶ 19.

Mother's disagreement with the court's reasoning and conclusion do not demonstrate an abuse of discretion. See <u>Meyncke v. Meyncke</u>, 2009 VT 84, ¶ 15, 186 Vt. 571 (explaining that arguments amounting to nothing more than disagreement with trial court's reasoning and conclusion do not make out case for abuse of discretion). We have considered all arguments discernable in mother's brief and conclude that she has not identified any basis to disturb the order on appeal.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Nancy J. Waples, Associate Justice