VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.        23-AP-029

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JUNE TERM,   2023

In re V.F., Juvenile
(A.F., Mother\*)

}
}
}
}
}
}

APPEALED FROM:

Superior Court, Washington Unit,
Family Division
CASE NO. 21-JV-00792
Trial Judge: Michael J. Harris

In the above-entitled cause, the Clerk will enter:

Mother appeals the termination of her parental rights to nine-year-old daughter V.F.[*]  We affirm.

In June 2021, the State filed a petition alleging that V.F., then aged seven, was a child in need of care or supervision (CHINS) based on allegations that V.F. had not attended school for over a year, had witnessed drug trafficking and substance abuse by both parents as well as domestic violence, and had been left with unsafe caregivers.  At the time of the petition, both parents had active arrest warrants and their whereabouts were unknown.  The court issued emergency and temporary care orders transferring custody of V.F. to the Department for Children and Families (DCF).  V.F. was placed in the care of her maternal grandmother, with whom she has continued to live.

Mother was assigned an attorney prior to the temporary care hearing but did not respond to his efforts to contact her.  Her communications with DCF were limited to some text messages in August 2021 and one in-person meeting with the case worker the week before the December 2022 termination hearing.  She did not appear at any hearings until the termination hearing.

The court adjudicated V.F. as a CHINS in September 2021.  In November 2021, it issued a disposition order establishing a permanency goal of reunification with either parent.  In May 2022, DCF changed the case plan goal to adoption, and in September 2022, the State filed a petition to terminate the parental rights of both parents.

The court held a hearing on the termination petition in December 2022.  Mother was not present when the hearing began.  Court staff telephoned mother and she joined the hearing.  Just after the State began presenting evidence from the DCF worker, mother disconnected.  Court

---

[*] Father's parental rights were also terminated but he did not appeal.

staff again telephoned mother. She stayed in the hearing for a few minutes and then disconnected again. Court staff attempted to call her a third time but she did not answer.

Mother's attorney asked the court to continue the hearing so that he could help ensure that mother attended in person. The court denied the request, noting that mother had been personally served with notice of the hearing on December 6, 2022, and had not provided her attorney or the court with any reason for postponing the hearing.

After receiving testimony from the DCF worker and V.F.'s foster parent, the court made its findings and conclusions on the record. The court found that mother was aware of the proceedings and knew how to contact DCF or the court, but she had chosen not to engage in the case. DCF sent the case plan to mother and made numerous efforts to contact or meet with her, but she did not respond. Mother never engaged in any recommended services and had virtually no contact with V.F. after she was taken into custody. She reported to the DCF worker in December 2022 that she had been sober for a year, but refused to provide a release so that DCF could contact her substance-abuse-treatment provider. The court found that there had been a change in circumstances since initial disposition because mother had not engaged in any aspect of the case plan during the eighteen months that V.F. had been in DCF custody. The court then assessed the best-interests factors set forth in 33 V.S.A. § 5114(a). It found that V.F. had no meaningful relationship with mother, and that mother would not be able to resume parental duties within a reasonable time due to her failure to address any of the issues that had led to state custody. It therefore concluded that termination was in V.F.'s best interests.

Mother's sole argument on appeal is that the court violated her right to due process by denying her attorney's request to continue the termination hearing. The trial court has discretion in deciding whether to grant a motion to continue. In re D.H., 2017 VT 71, ¶ 11, 205 Vt. 281. We will uphold the court's decision unless it appears that the court failed to exercise its discretion or did so "for reasons clearly untenable or to an extent clearly unreasonable." State v. Ahearn, 137 Vt. 253, 267 (1979).

The record shows that mother was sent a notice of the termination hearing three months earlier and that mother was personally served with the hearing notice nine days before the hearing. When mother failed to appear at the beginning of the hearing, court staff called and managed to connect with her by telephone. She disconnected twice. When court staff attempted to call her a third time, she did not answer. Mother had never engaged with the case plan or attended any of the previous hearings. She never contacted her attorney or the court. She did not give a reason for her absence from the termination hearing or indicate that she was having technical issues connecting by phone. She also did not ask the court to reopen the evidence or explain what evidence she would have offered if she had been present. We therefore see no abuse of discretion in the court's decision to deny the motion to continue. Cf. In re D.H., 2017 VT 71, ¶ 12 (concluding court abused its discretion in denying mother's requested thirty-minute continuance where granting request would not have prejudiced other parties, mother was prevented from presenting important evidence, and mother had actively participated in case and case plan).

Further, the court's decision did not deprive mother of due process. Mother "was entitled to reasonable notice of what was in issue and an opportunity to be heard" on that issue. Brown v. Brown, 154 Vt. 625, 629 (1990); see also In re C.L.S., 2020 VT 1, ¶ 25, 211 Vt. 344 ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (quotation omitted)). As discussed above, the court sent notice of the

December 2022 termination hearing to mother's last known address in September 2022, and she was personally served with the hearing notice on December 7, 2022. She does not claim that she did not receive the notice. Moreover, she did appear at the hearing briefly, then left twice and stopped answering her phone. Mother therefore had the opportunity to be heard on the issue of termination. She simply did not take advantage of that opportunity. See In re J.L., 2007 VT 32, ¶ 13, 181 Vt. 615 (mem.) (holding court did not deprive father of due process by proceeding with termination hearing after father left; "[t]hat he hung up the phone, for whatever reason, and thus ended his participation, should not deprive the court of jurisdiction over him to go forward and determine the fate of the child in this case").

Mother did not challenge any of the court's findings, which are supported by the record and in turn support its conclusions. We therefore see no reason to disturb the decision below.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice